DANIEL BRADLEY, Respondent, *v*. SEABOARD NATIONAL BANK, Appellant.

FRAUD — FALSE STATEMENT IN REPORT TO COMMERCIAL AGENCY. A finding, upon the trial of an action to recover the amount of a deposit in defendant's bank to the credit of plaintiff's assignor, a firm doing business in Colorado, that a statement by the firm of its financial condition to a commercial agency, with the knowledge that it would and the intent that it should be relied upon by parties giving it credit, was false and fraudulent, is justified by evidence that the statement contained two items, "Capital stock paid in $500,000. Undivided profits $29,692.33 " — that not to exceed $50,000 had been paid in in money, the balance having been paid in out of subsequent profits, consisting of second mortgages taken by the firm to secure commissions upon loans made by it secured by first mortgages, which in considerable numbers were guaranteed by it and sold, and that the second mortgages practically proved to be valueless; and where the defendant has discounted the firm note relying upon the statement, the note, although not due at the time of the assignment, may properly be set off against the deposit.

*Bradley* v. *Seaboard Nat. Bank*, 46 App. Div. 550, reversed.

(Argued May 24, 1901; decided June 11, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made January 5, 1900, reversing a judgment in favor of defendant entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herman Aaron* for appellant. Defendant had a right to rely upon the commercial agency statement. (*Humphrey* v. *Smith*, 7 App. Div. 442; *Bliss* v. *Sickles*, 142 N. Y. 647; *Goodwin* v. *Goldsmith*, 17 J. & S. 101; *King* v. *Munzer*,

59 N. Y. S. R. 518; *Tindle* v. *Birkett*, 57 App. Div. 450; *Strickland* v. *Willis*, 43 S. W. Rep. 602 ; *Wilmot* v. *Lyon*, 11 Ohio C. C. 238.) The advance and credit were induced to be made by the Seaboard National Bank by false representations. (*Claflin* v. *Moore*, 10 J. & S. 262; *King* v. *Munzer*, 59 N. Y. S. R. 518; *K. L. Ins. Co.* v. *Nelson*, 78 N. Y. 137; *Bach* v. *Levy*, 101 N. Y. 511; *Campbell* v. *Woodworth*, 20 N. Y. 499; *Parmenter* v. *Fitzpatrick*, 135 N. Y. 190; *Godwin* v. *Francis*, L. R. [5 C. P.] 295; *Gill* v. *McNamee*, 42 N. Y. 44.) The misrepresentations made amounted to fraud in law, and the Appellate Division erred in its conception of the rule relating to fraud. (*Bennett* v. *Judson*, 21 N. Y. 238; Addison on Torts, 1007; 1 Bigelow on Fraud, 514; *Hadcock* v. *Osmer*, 153 N. Y. 608; *Bullitt* v. *Farrar*, 42 Minn. 8; *Hexter* v. *Bast*, 125 Penn. St. 52; *Wells* v. *McGeoch*, 71 Wis. 196; *Swayne* v. *Waldo*, 73 Iowa, 749; *Craig* v. *Ward*, 1 Abb. Ct. App. Dec. 454; *Evans* v. *Edmonds*, 13 C. B. 777; *Walters* v. *Eaves*, 105 Ga. 584; *Kramer* v. *Bjerrum*, 19 App. Div. 332.)

*Philip Carpenter* for respondent. The Appellate Division properly held that there was no evidence from which any inference could be drawn that the statement to the mercantile agency was false or misleading. (*Greeff* v. *E. L. Assur. Soc.*, 160 N. Y. 19; *People ex rel.* v. *Feitner*, 166 N. Y. 129.) The statement to the mercantile agency was not proximately connected with the renewal of the note for $7,500, in August, 1893. It, therefore, follows that even if there had been fraud in regard to the original loan none is proved in connection with the renewal two years later. (15 Am. & Eng. Ency. of Law, 297, 298; *Macullar* v. *McKinley*, 99 N. Y. 353; *Bliss* v. *Sickles*, 50 N. Y. S. R. 139; 142 N. Y. 647; *N. Cutlery Co.* v. *Babcock*, 22 Hun, 481; *Brackett* v. *Griswold*, 112 N. Y. 454.) There was no proof of fraudulent intent. (*Kountze* v. *Kennedy*, 147 N. Y. 124; *Macullar* v. *McKinley*, 99 N. Y. 353; *E. C. & B. Co.* v. *Avery*, 83 N. Y. 31; *Coffin* v. *Hollister*, 124 N. Y. 644; *Victor* v. *Henlien*, 33

Hun, 549; *W. Rattan Co.* v. *Tappan,* 70 Hun, 405; *C. B. C. Co.* v. *Hertel,* 35 N. Y. S. R. 671; *Morris* v. *Wells,* 26 N. Y. S. R. 9; *Shultz* v. *Hoagland,* 85 N. Y. 467; *V. Marble Co.* v. *Smith,* 41 N. E. Rep. 973.)

LANDON, J.   The action is to recover the balance of a deposit in the defendant's bank to the credit of the firm of Crippen, Lawrence & Co., of Denver, Colorado, September 18, 1893, on which day the firm made an assignment in insolvency.   The bank on that date held the firm's note for $7,500, which would not become due until November following.   The defense is that the bank loaned the amount of the note to the firm on the credit of its false and fraudulent statement to a mercantile agency as to its assets and liabilities, and, therefore, had the right to disaffirm and cancel the credit and set off the note against the deposit.

The trial court found that " Crippen, Lawrence & Co., through whom the plaintiff claims by assignments, did, prior to the loan hereinafter mentioned, make a statement of their financial condition to a commercial agency, with the knowledge that the same would be used and relied upon by parties giving credit to said firm, and with the intent and purpose that it should be so used and relied upon.   That said statement was false, misleading and fraudulent in material particulars. .

" That prior to the time of the making of the assignment for the benefit of creditors by said firm, said firm procured from the defendant a loan of a sum exceeding the amount in controversy herein, and on which there was unpaid at the time of said assignment for the benefit of creditors a sum exceeding the said amount in controversy.

" That said loan was made by the defendant and subsequently extended by the said defendant upon the faith and reliance of the aforesaid statement made to the commercial agency."

Upon the facts found by the trial court, the judgment for the defendant was authorized.   This judgment was reversed on the law, and not on the facts.   No exceptions taken during the trial

are brought to our notice. We cannot review the facts, and the only question of law for our consideration is whether the trial court found any fact material to the judgment for the defendant without any evidence tending to support it.

The statement referred to was dated June 1, 1891, and consisted of a table of assets amounting to $1,150,123.48, and a table of liabilities of the same amount. In the table of liabilities were these two items: " Capital stock paid in, $500,000. Undivided profits, $29,692.33."

The testimony of a member of the firm was to the effect that not to exceed $50,000 of capital stock was paid in in money, but that the balance was paid in out of subsequently accruing profits. But his evidence was to the effect that the profits consisted in second mortgages taken by the firm to secure commissions upon the loans made by the firm, which loans were secured by first mortgages, and that the first mortgages were in considerable numbers guaranteed by the firm and then sold to eastern investors, and that the second mortgages practically proved to be valueless.

The trial judge could find upon the evidence that the so-called profits of the firm were figures on paper, the chief value of which was to give a color to the truth of the firm's financial statement and enable it to borrow money. No amount of bookkeeping by the firm itself could make it true that the part of the capital which consisted of these so-called profits was paid in.

The trial court could also find that this statement was fraudulent, and, as it did its office in procuring credit with the defendant, the time which elapsed between the date of the statement and the date of the note does not seem to be important. The firm cannot be heard to say that its mischievous force was operative longer than it expected it to be.

The order of the Appellate Division should be reversed, and judgment of the trial court affirmed, with costs.

O'Brien, Martin, Cullen and Werner, JJ., concur; Parker, Ch. J., not sitting; Gray, J., not voting.

Ordered accordingly.