### LEVY et al. v. ABRAMSOHN et al.

(Supreme Court, Appellate Term. November, 1902.)

1. PARTNERSHIP—FRAUD OF ONE PARTNER—ADOPTION BY FIRM.
    Where goods were obtained for the use of a firm by fraud of one of its members, the other partners, by receiving and participating in the use of the goods, adopted the fraud, and were in the same situation in reference to the vendors' rights as if they had directed such partner to procure the goods, or had concurred in the transaction.

2. FRAUD—CREDIT INDUCED BY FRAUD.
    The fact that some of the goods obtained on credit by false representations were obtained six months after the credit was induced is no defense to an action for the fraud.

3. WITNESSES—AGE—APPEARANCE OF WITNESS.
    The court is not bound to believe the statement of an interested party to an action as to his age, even though there is no contradiction of the statement save the appearance of the witness.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Israel Levy and another against Lazar Abramsohn and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Leonard A. Snitken, for appellants.
Gustavus A. Rogers, for respondents.

MacLEAN, J. Under allegations in oral pleadings of fraud and deceit, the plaintiffs testified to statements of Lazar Abramsohn, in the presence of his two sons and co-defendants, Meyer and Samuel,

respecting their being partners in business, and, further, to statements as made by Lazar, the father, not in the presence of his sons, as to his and their means and standing, to obtain credit with the plaintiffs upon the purchase of merchandise.   Having thereby, as evidenced by the judgment, established, to the satisfaction of the learned justice, the partnership, and that goods were obtained for the use of the firm by fraud of one of its members, it was proper to hold that the other partners, by receiving and participating in the use of the goods, adopted the fraudulent acts of the one who obtained them, and were in the same situation in reference to the rights of the vendors of the goods as if they had directed the senior partner to procure the goods, or had concurred in the transaction.   Coman v. Allen, 21 How. Prac. 114.   The fact that some of the goods were obtained six months after the credit was induced by the representations found herein to be fraudulent  does not aid the defendants.   Bradley v. Seaboard Nat. Bank, 167 N. Y. 427, 430, 60 N. E. 771.   Nor will it avail the defendant that, saving his own appearance, there was no contradiction of his statement that he had not reached his majority at the time of the transaction, for the learned justice was not bound to believe the assertion of him, an interested party.   Garbarsky v. Simkin, 36 Misc. Rep. 195, 73 N. Y. Supp. 199.   Judgment affirmed, with costs to the respondents.

Judgment affirmed, with costs.   All concur.