## GOLDSMITH v. STERN et al.

(Supreme Court, Appellate Term. November 18, 1903.)

1. SALES—REPRESENTATIONS—CONTINUING EFFECT.
Where a statement was made by a purchaser of goods for the purpose of obtaining credit at the time the representation was made, the seller had a right to rely upon the statement in giving credit on future sales.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Marcus T. Goldsmith against Julius Stern and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Charles E. Stern, for appellants.
Gustavus A. Rogers, for respondent.

BLANCHARD, J. The action was brought to recover for goods sold and delivered by plaintiff to defendants. The plaintiff claims that he was induced to make sales which occurred in October and November, 1902, by a wrong statement alleged to have been falsely and fraudulently made in July, 1902, by the defendants for the purpose of securing credit. The plaintiff succeeded in the court below, and defendants appeal. The appellants contend that the statement made in July was for the purpose of a sale made at the time, and was not operative as to future sales. The evidence of the plaintiff, however, is to the effect that it was not only made for the single sale in July, but for a line of credit extending into the future. But even in the absence of this testimony, it would seem that the plaintiff had a right to rely upon the statement of the defendants. Levy v. Abrahamsohn, 39 Misc. Rep. 781, 81 N. Y. Supp. 344; Bradley v. Seaboard National Bank, 167 N. Y. 427, 60 N. E. 771. In this latter case, Justice Lan-

¶ 1. See Sales, vol. 43, Cent. Dig. § 95.

don, writing for the court, where a similar question was presented, says:

"The trial court could also find that this statement was fraudulent, and, as it did its office in procuring credit with the defendant, the time which elapsed between the date of the statement and the date of the note does not seem to be important. The firm cannot be heard to say that this mischievous force was operative longer than it expected it to be."

We have examined the exceptions urged as ground of reversal, and conclude that there exists no reversible error in any of them.

The judgment should be affirmed, with costs. All concur.