WOO HOO v. WHITE, Immigration Com'r.

(Circuit Court of Appeals, Ninth Circuit. July 16, 1917.)

No. 2871.

1. ALIENS ⬤⟳22—CHINESE PERSONS.

Under treaty of November 17, 1880 (22 Stat. 826) between the United States and China, article 2 of which provides that Chinese merchants shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions

accorded to citizens and subjects of the most favored nation, a Chinese merchant domiciled in the United States has the right to bring his wife and minor children into the country, and this right may be exercised, though the minor son of such merchant was 20 years old and had contracted a marriage in China before admission was sought.

2. HABEAS CORPUS ☞85(1)—DEPORTATION—CHINESE PERSONS.

On habeas corpus by a Chinese person, who applied for admission to the United States as the minor son of a regularly domiciled merchant in the United States, evidence *held* to show that the immigration commissioner wrongfully denied admission on the ground that the applicant was over 21 years of age, and that the hearing was unfair, and hence the writ should be granted.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Petition by Woo Hoo, on behalf of Woo Dan, for a writ of habeas corpus against Edward White, as Commissioner of Immigration at the Port of San Francisco. From a judgment sustaining a demurrer to the petition, petitioner appeals. Reversed and remanded, with instructions to overrule demurrer and issue writ.

Albert C. Aiken, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The court below sustained a demurrer to the appellant's petition for a writ of habeas corpus, and the appellant takes this appeal. The petition alleged that Woo Dan applied for admission to land as the minor son of Woo Hoo, a regularly domiciled merchant in the United States; that the immigration commissioner denied admission on the ground that the applicant failed to show that he was a minor son of Woo Hoo, which decision was affirmed, on appeal to the Secretary of Labor. The record of the proceedings before the immigration commissioner was made part of the petition for the writ. The petition further alleged that the local inspectors in conducting the examinations, displayed such animus toward the applicant that he was deprived of the benefit of a fair and unprejudiced consideration of his application; that one inspector sought to falsify and distort the record, to the prejudice of the applicant; and that another inspector incorrectly reported certain facts in a way which tended to discredit one of the identifying witnesses. The Secretary of the Department of Labor, in affirming the decision of exclusion, had before him the memorandum of the Commissioner General of Immigration, which stated the grounds for excluding the applicant, as follows:

"There is considerable doubt that he is a minor; he is more likely 22 to 24 years of age, than 20, as claimed. At any rate, he is in no substantial sense the minor son of a merchant, even if it should be conceded (as it is not) that the evidence is sufficient to show affirmatively that his claim of relationship to the alleged father is true. It is not claimed with respect to him that he is

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

less than 20, and he is married and the responsible head of a family; so that his landing could be justified, even if the evidence of relationship were clear and satisfactory, only by observing form and ignoring substance upon this proposition of minor children joining their parents here, and by arbitrarily fixing upon the American age of majority as the age which is to be the dividing line in such a Chinese case."

[1] We think it is clear that the grounds so advanced for the exclusion of the applicant cannot be sustained in law. The fact that the applicant was 20 years of age when he claimed the right to land in no way affects his father's right to his presence in the United States as a minor son. Nor is the question affected by the fact that before coming to join his father in the United States the son married and left his wife in China. Notwithstanding these facts, he remained a minor, and his father was entitled to all the privileges accorded by the treaty of 1880 between the United States and China (22 Stat. 826), article 2 of which provides that Chinese merchants shall be allowed "to go and come of their own free will and accord, and * * * accorded all the rights, privileges, immunities and exemptions which are accorded to the citizens and subjects of the most favored nation." It is well settled that the terms of that treaty confer upon a Chinese merchant domiciled in this country the right to bring his wife and minor children into the United States. United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544.

[2] The doubt expressed by the Commissioner General as to the alleged age of the applicant was based upon a certificate of two surgeons that, after a careful consideration of the physical characteristics, they were of the opinion that "his age is within one year either way of 23 years." It is not represented that the certificate was based upon any scientific data, or otherwise than upon the general appearance of the applicant. Upon such a question, the opinion of a surgeon is believed to be of no greater value than that of a layman, and in either case it has but little probative value to show a difference of age of only two years. There are circumstances connected with the examination of the applicant which, unexplained, tend to indicate an unfair attitude on the part of the immigration officials. For instance, the baggage of the applicant was searched, and the inspector reported that he found in it a letter addressed to "Woo Dock Wo, my brother," and he concluded that, as the applicant had stated that he had no brother, the letter was evidence against the truth of his testimony. But it was shown, and it was later conceded, that the letter was not found in the applicant's trunk, but was discovered on the outside of the trunk, beneath a burlap covering, where it might have been placed by any one who might have picked it up, and, discovering the name Woo Dan on the trunk, might have thought that Woo Dock Wo was another name of the owner of the trunk. The inspector made no mention, however, of the fact that in the trunk he found books and papers of Woo Dan, and chops or wooden stamps of the name of Woo Dan which bore signs of use.

Another fact relied upon by the appellant is that the inspector discredited the testimony of Woo Mun, who had lately arrived from China, and who had visited, as he testified, the home of the applicant

in China. His testimony fully corroborated the testimony of Woo Dan, but it was rejected for the reason, as alleged by the inspector in his report, that Woo Mun had been confined in the detention sheds along with Woo Dan for a period of 22 days, whereby opportunity had been afforded to manufacture testimony. It was subsequently shown that it was not true that Woo Mun had been confined in the detention sheds with Woo Dan; that, while Woo Dan had arrived on December 6, 1915, Woo Mun had not arrived until December 27th. The error in the report was subsequently corrected; but, notwithstanding the correction, the testimony of Woo Mun was disregarded by the inspector as adding nothing to the case.

Again, the opinion of the commissioner seems to have been influenced by the fact that the examining inspector believed the applicant to be Woo Sick Ngon, one of two boys who had applied for and were denied admission in 1910, as the sons of Woo Wai Gim. That belief was based upon the resemblance which the inspector found between the applicant and the photograph of Woo Sick Ngon, taken in April, 1909, when he was 16 years of age, and the general resemblance between the applicant and Woo Wai Gim. The photographs of all of these persons are in the record before us. We are unable to discover the resemblance which the inspector found. If there is indeed a resemblance, it is extremely remote, and is not sufficient, in our opinion, to constitute evidence. We think that, upon the case made upon the petition, considered in connection with the record of the proceedings before the immigration officials, a writ of habeas corpus should issue.

The judgment is reversed, and the cause is remanded, with instructions to overrule the demurrer and issue the writ.