### WONG FOOK NGOEY v. NAGLE, Immigration Com'r.

(Circuit Court of Appeals, Ninth Circuit. July 14, 1924.)

No. 4212.

Aliens ⊂54—Order of exclusion held made on conflicting evidence and not reviewable.

Testimony of the examining physician that in his opinion a Chinese boy was at least 2 years older than his claimed age of 12 years and 9 months, which was necessary to be shown to entitle him to admission as the son of an American citizen, *held* entitled to weight, and to create a conflict of evidence, which rendered an order of the board of inquiry refusing admission not reviewable by the courts.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; George M. Bourquin, Judge.

Petition of Wong Fook Ngoey against John D. Nagle, Commissioner of Immigration, Port of San Francisco, for writ of habeas corpus. From a judgment denying the writ, petitioner appeals. Affirmed.

George A. McGowan, of San Francisco, Cal., for appellant.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. This is an appeal from a judgment denying a petition for a writ of habeas corpus. The appellant, who was born in China, claimed the right to enter the United States as the son of Wong Toon Yow, an American citizen. In order to prove that he was the son of his alleged father, it was necessary to show that he was born, as he claimed to have been, 13 years and 9 months prior to the time of the hearing before the board of inquiry. Upon his general appearance and upon the certificate of the medical examiner of aliens, the members of the board were convinced that he was several years older than he claimed to be, and on that ground they denied him admission.

It is contended that the general appearance of the applicant and the certificate of the physician cannot avail to counterbalance the positive

testimony, which is otherwise not contradicted, that the appellant was no older than he claimed to be. Reference is made to our decision in the case of Woo Hoo v. White, 243 Fed. 541, 156 C. C. A. 239. In that case the applicant claimed to be 20 years of age, and he was rejected on the certificate of two surgeons, who were of the opinion that his age was within one year either way of 23 years. The certificate was based upon the general appearance of the applicant, and we held that upon such a question the certificate had but little, if any, probative value to show a difference of age of only 2 years. The facts in the present case are broadly different. While it might be difficult for either a surgeon or a layman to distinguish a difference of 2 years in the age of one who claimed to be 20, it is believed that no such difficulty exists in determining whether an applicant is 12 years and 9 months old, or 2 or 3 years older; the physical changes in those years being much more distinct and perceptible.

In the present case the members of the board relied largely, as properly they might, upon the certificate of the examining physician. He certified that after a "consideration of the physical characteristics presented by the alien and a correlation of those features which aid in the estimation of age, such as hair, caputal, axillary, facial, and pubic, the condition of the skin, the eruption and development of the teeth, the development of the sexual organs, the facial expression, and the general attitude, I am of the opinion that his age is within one year either way of 16 years." The case is therefore one of conflicting evidence, upon which the members of the board have exercised their judgment, and we see no ground upon which it can be disturbed by a court. Ng Fong Ho v. White, 259 U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938; United States v. Tod (C. C. A.) 290 Fed. 689.

The judgment is affirmed.