## FONG LIM v. NAGLE, Immigration Com'r.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1925.)

No. 4264.

Aliens &#8756;32(8)—Evidence held to sustain finding excluded Chinese person was over 16 years of age at time of hearing.

Where all witnesses except physicians certifying in behalf of excluded Chinese person were of opinion that he was from 4 to 10 years older than he claimed, *held*, that this was sufficient to sustain finding that he was over 16 years of age at time of hearing before board of special inquiry.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Petition for habeas corpus by Fong Lim against John D. Nagle, as Commissioner of Immigration of the Port of San Francisco. From an order denying the writ, petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On April 19, 1923, the appellant applied to enter the United States at the port of San Francisco as the foreign-born son of Fong Kim, a native-born citizen of the United States. His application was denied by the Department of Labor, and a petition for a writ of habeas corpus in his behalf was likewise denied. From the latter order this appeal is prosecuted.

The principal controversy in the case was over the age of the appellant. He claimed that he was born on the 23d of August, 1907, and was therefore under 16 years of age at the date of the hearing before the board of special inquiry. If he was the son of Fong Kim, as claimed, he was necessarily of approximately that age, because of the date of his father's visit to China. The surgeon connected with the United States Public Health Service at Angel Island was of opinion that the appellant was within 2 years either way of 20 years of age; one of the inspectors placed his age at not less than 22; another at from 20 to 22; another at 25; another at from 24 to 27; and still another at 24. On the other hand, three physicians in private practice certified that they found nothing in the appearance of the appellant to impair the credibility of his claim as to age.

The chief reliance of the appellant is on the decision of this court in Woo Hoo v. White, 243 F. 541, 156 C. C. A. 236, where it was held that the certificate of two surgeons, based upon the general appearance of an applicant who claimed to be 20 years of age, was of little, if any, probative value to show a difference in age of only 2 years. The diversity of opinion in this case demonstrates the correctness of the views there expressed, but a far greater discrepancy is here shown. All the witnesses, save the three physicians who certified on behalf of the appellant, were of opinion that he was from 4 to 10 years older than claimed, and in view of the fact that he claimed to be under the age of 16 years it cannot be said that the excluding decision is not supported by competent testimony. Ark Foo v. United States, 128 F. 697, 63 C. C. A. 249; United States v. Tod (C. C. A.) 290 F. 689; Wong

Fook Ngoey v. Nagle (C. C. A.) 300 F. 324. ·

The judgment of the court below is therefore affirmed.