## YOUNG FAT v. NAGLE, Com'r of Immigration.

(Circuit Court of Appeals, Ninth Circuit. January 26, 1925.)

### No. 4263.

**Aliens ⊛⟹32(13)—Order of exclusion, made on conflicting evidence, held not reviewable.**

Where opinions of medical examiner, physicians, and government inspectors as to age of Chinese boy, seeking admission as son of American citizen under Rev. St. § 1993 (Comp. St. § 3947), were conflicting, decision of Board of Inquiry, refusing admission on ground that relationship was not satisfactorily established, will not be disturbed by courts.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Petition for writ of habeas corpus by Young Fat against John D. Nagle, as Commissioner of Immigration, Port of San Francisco. From an order denying petition, petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Young Fat, a Chinese boy, appeals from an order denying his petition for writ of habeas corpus. He sought admission into the United States as a citizen under section 1993, Revised Statutes (Comp. St. § 3947); his father, Young Tip, being a native-born citizen. The boy arrived from China in San Francisco on May 30, 1923, and, after hearing, the Board of Special Inquiry decided the relationship alleged was not satisfactorily established, and that the boy should be excluded. Upon appeal to the Secretary of Labor, a similar conclusion was reached, and the appeal dismissed.

The main contention is that there is not only no evidence to support the decision of the executive authorities, but that there is convincing evidence that the applicant is the son of Young Tip. The boy is said to have been born January 3, 1915, and to have reached his eighth birthday January 3, 1923. The alleged father left for China November 11, 1913, and returned in June, 1915.

The medical examiner at Angel Island stated that, after a careful examination of physical characteristics, his opinion was that the boy was within one year, either way, of 12 years. The government inspectors themselves differed somewhat in their opinions. One said the boy looked to be about 12; another thought he was between 12 and 14; two put his age at 11; another, about 9. The members of the Board of Special Inquiry also varied somewhat in their opinions. One estimated the boy's age at 12 or 13; another put it at 12. Three physicians, privately employed, certified that in respect to height and weight they were in accord with the boy's claim. They found an absence of certain changes indicative of approaching puberty, but that most of the secondary teeth had erupted. They said, except for dentition, the factors contribute to the reasonableness of the applicant's claim of age, and that precocity in dental eruption occurs with sufficient frequency "to warrant the suggestion of such a possibility in this instance."

The several discrepancies in the estimates of the age of the boy are noticeable; but they are far from being such as to justify the conclusion that there was no substantial support for the opinion that the boy was well over 8½ years old. The case is squarely within the rule of our recent decision in Wong Fook Ngoey v. Nagle, 300 F. 323, where it was held that, the case being one of conflicting evidence, upon which members of

the board have exercised their judgment, it will not be disturbed by the courts. See, also, Fong Lim v. Nagle, 2 F.(2d) 971, decided January 5, 1925.

The order appealed from is affirmed.