## TOM HIM v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
August 6, 1928.

### No. 5405.

Aliens ⊚⇒32(8)—One claiming citizenship through father held properly excluded, in view of discrepancies in testimony and in applicant's claimed and apparent age.

One claiming citizenship through his father and grandfather *held* properly excluded from United States as alien, in view of discrepancies in testimony of applicant and his alleged father relating to matters of family history, and discrepancy between claimed and apparent age of applicant.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Application by Tom Him for writ of habeas corpus, opposed by John D. Nagle, Commissioner of Immigration for the Port of San Francisco, California. From an order denying the petition, petitioner appeals. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant claimed citizenship through his father, and the father, in turn, claimed citizenship through his father, the grandfather of the appellant. The alleged grandfather testified that he was married three times; that his first wife, named Yee Shee, died in 1901; that he married his second wife, also named Yee Shee, late in 1902 or early in 1903; that his second wife died in 1918; that he married his third wife in 1922; that he had four sons and one daughter by his first wife; that he had no children by his second wife, and one son by his third wife. The alleged father testified that his father was married three times; that his first wife was named Yee Shee, and his second wife Wong Shee; that his father had no children by his first wife, but he had eight sons and one daughter by his second wife, and that the second wife, who died in 1918, was his mother. He was then reminded that in 1911, when applying for admission to the United States, he testified that the name of his mother was Yee Shee, and that she died in 1901. To this he answered that Yee Shee was the first wife of his father, but not his mother; that he considered all his father's wives his mothers. The following day he testified that he was mistaken in his previous testimony, that the name of the first wife of his father was Yee Shee and that she was his mother; that his father had no children by his second wife; that the name of the second wife was Yee Shee, and that his father married her in 1902. The appellant testified substantially the same as the alleged grandfather. It will thus be seen that there were discrepancies in the testimony relating to matters of family history, which would not exist if the claim of relationship was well founded. Siu Say v. Nagle (C. C. A.) 295 F. 676.

Furthermore, the appellant gave his age as 13 years and 4 months, while one member of the Board of Special Inquiry was of opinion that he was from 18 to 20, another that he was not under 17, the third that he was 19, and the medical examiner of aliens at the port expressed the opinion that he was within 2 years either way of 18. In Wong Fook Ngoey v. Nagle (C. C. A.) 300 F. 323, the applicant was about the same age as the appellant here, and the discrepancy between the claimed age and the apparent age was much less, but this court held that this discrepancy alone was sufficient ground for exclusion.

Upon the entire record, therefore, we are clearly of opinion that the conclusion of the administrative officers that neither the claim of citizenship nor the claim of relationship was established finds ample support in the record.

The order is affirmed.