## LEW GIT CHEUNG v. NAGLE, Commissioner of Immigration. *

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

No. 5850.

Rudkin, Circuit Judge, dissenting.

J. H. Sapiro, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. This is an appeal from an order quashing a writ of habeas corpus and remanding the petitioner to the custody of the immigration authorities for deportation. The application for admission was based upon a claim of citizenship through the father. At the hearing, the appellant and his supporting witnesses testified that he was 20 years and 6 months old, and, unless his age was substantially as claimed, it is conceded that the claim of citizenship must fail. The sole ground for exclusion was that the appellant appeared to be some years older than he claimed. One member of the Board of Special Inquiry expressed the opinion that he was one year either way from 24; another that he was close to 25; another, that he was a couple of years older than 21, say 24, and still another that he was between 23 and 25. The surgeon of the United States Public Health Service was of opinion that he was within three years either way of 27, while

*Rehearing denied January 28, 1930.

two physicians practicing in the city of San Francisco expressed the opinion that he was between 19 and 21. This question has been presented to this court in a number of cases under varying circumstances and with varying results. Woo Hoo v. White (C. C. A.) 243 F. 541; Ex parte Gin Mun On (D. C.) 286 F. 752; Wong Fook Ngoey v. Nagle (C. C. A.) 300 F. 323; Fong Lim v. Nagle (C. C. A.) 2 F.(2d) 971; Yong Fat v. Nagle (C. C. A.) 3 F.(2d) 439; Tom Him v. Nagle (C. C. A.) 27 F.(2d) 885.

Naturally the value of an opinion of this kind depends upon the circumstances. The age of one of tender years is undoubtedly susceptible to a more accurate and dependable estimate than that of a mature person. Also, if one claims to be of a certain age and the estimate, reasonably based upon his appearance and physical characteristics, is higher or lower not by only one or two but many years, it may have a very substantial weight, whereas, if the discrepancy is only slight, the estimate would have but little value. While, seemingly, there is no scientific method by which generally exact age may be determined, it does not follow that a physician is unable, upon a careful investigation of physical characteristics, to exercise a more intelligent and reliable judgment than a layman who must depend upon general appearance. Apparently the three physicians each made a fairly thorough examination.

Dr. Kading, surgeon of the United States Public Health Service, certified that, "after a consideration of the physical characteristics presented by the applicant, and a correlation of those features which aid in the estimation of age, such as hair, caputal, axillary, facial and pubic, the condition of the skin, the eruption and development of the teeth, the development of the sexual organs, the facial expression and the general attitude, I am of the opinion that his age is within three years either way of twenty-seven (27) years."

Drs. Pruett and Becker, the two physicians called by appellant, after specifying in great detail the nature and extent of their examination, thus closed their certificate: "From the well developed muscular and bony framework of this man, the presence of a moderate amount of, but not abundant, subcutaneous fat, the erect posture, the good muscular co-ordination, the mature, manly facial expression, the presence of permanent wrinkling, the presence of coarse facial, axillary chest, pubic and anal hair, the presence of all secondary teeth, the height, weight, and chest measurements, the well developed secondary sexual characteristics, the presence of permanent venous enlargements, particularly of the forearm and calves, the moderately developed palm and sole callosities, the height and weight, the adult character of the deltoid trapezius, and intrascapular muscles, the presence of a few gray occipital hairs, we judge Lew Git Cheung to be between 19 and 21 years of age."

Though presumably not qualified to draw any scientific inferences from the physical characteristics thus described, members of administrative boards and of the judiciary must, in weighing the conclusion reached by the experts, exercise a measure of judgment upon the question whether such characteristics necessarily or reasonably are opposed to the view that appellant's age was somewhat over 21. And it will be noted that, if we assume the conclusion of his two physicians to be correct, appellant's age may be several months in excess of that claimed by him. We see no escape from the view that, if such testimony is competent at all—and both sides concede competency—the record exhibits a substantial conflict; and, aided by their own impressions, based upon the appellant's appearance, the administrative officers cannot be said to have acted arbitrarily or unreasonably in the conclusion they reached.

It may be that resort to such evidence is susceptible to grave abuses, and for that reason is not to be encouraged, but we must consider the cases as they arise. Perhaps we should add that we doubt the wisdom of following the practice here pursued of bringing in such opinions in the form of certificates, where there is no opportunity afforded for cross-examination, the result of which might have great value in determining whether or not the opinions should be accorded any weight.

Affirmed.

RUDKIN, Circuit Judge (dissenting). In Woo Hoo v. White, cited in the majority opinion, this court said that, upon the question of age, the opinion of a surgeon is believed to be of no greater value than that of a layman, and, in either case, is of little probative value to show a difference in age of only two years. In that case, as in this, the applicant claimed to be of the age of about 20 years, and the difference between the claimed age and the apparent age was from two to four years. Subsequent cases, I think, demonstrate the correctness of the views there expressed, and I do not feel that a person who has attained the age of majority, or nearly so, and has satisfactorily established his citizenship in other respects, should be

denied rights appertaining to citizenship simply because some person or persons express an opinion that he looks a little older or a little younger than he claims to be. We are daily brought into contact with people whose ages belie their appearance to as great an extent as in the case before us, and, if our own rights were involved, we would not be willing to hazard a penny on our judgment.

The order should be reversed.