## JEW YET WING v. TILLINGHAST, Commissioner of Immigration.

District Court, D. Massachusetts. February 3, 1930.

No. 4169.

616

Everett F. Damon, of Boston, Mass., for plaintiff.

John W. Schenck, Asst. U. S. Atty., and Frederick H. Tarr, U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge. The discrepancies are slight and of themselves do not, as the immigration authorities practically agree, warrant a rejection of the applicant's claim as fabricated and fraudulent. There is another aspect of the case, however, which in connection with the discrepancies led the immigration tribunals to their conclusion. The boy and his father testified that he was born in January, 1918, and was not quite 12 years old when he applied for admission. Dr. Nute, of the United States Health Service, examined him and gave his opinion that the boy could not be less than 13 years old, and might be as much as 18 years old, at that time, November, 1929. It is this evidence, with which the immigration officials from their inspection of the boy agreed, plus the discrepancies, which led to the conclusion that the alleged relationship was not established. It is now argued that their conclusion was unreasonable and arbitrary and amounted to a denial of fair hearing.

In Wong Fook Ngoey v. Nagle, 300 F. 323 (C. C. A. 9th), it was necessary for the applicant to show that he was about 14 years old at the date of the hearing. There was uncontradicted testimony that the age was as stated by the applicant. The examining physician testified that the applicant was "within one year either way of 16 years." Obviously that case and this are very similar. There the lower limit of the physician's certificate brought the age as judged by him within 1 year and 3 months of that claimed by the applicant, the difference being between 13 years and 9 months, as claimed, and 15 years; here,

it is between 11 years and 10 months and 13 years. Both boys were in that period of development when bodily changes are taking place with unusual rapidity. In the case referred to it was held that the immigration authorities did not act arbitrarily in accepting the doctor's opinion in the face of the direct testimony to the contrary. The present applicant was afforded an opportunity of having a physician of his own selection examine him, and his counsel elected not to do so. Dr. Nute's evidence stands uncontradicted. The boy's photographs do not show that he is obviously so young that the medical opinion must be mistaken.

The testimony of the applicant and his alleged father was in close agreement, even as to details which it is hard to believe coached, and this harmony is not easy to reconcile with the theory that the claim is fraudulent. Moreover, the boy was mentioned as early as 1926 by his alleged father and constantly since. The photograph of the applicant annexed to the alleged father's preliminary affidavit, dated May 3, 1929, and filed September 29, 1929, is certainly that of this boy. There is no definite evidence when it was taken, but it shows him as very young. Either a long-prepared substitution is being attempted, or the applicant presents an instance of rapid and early maturity accompanied, as is often the case, by mental sluggishness.

The case is certainly a difficult example of a difficult class in which to reach a confident conclusion. It is not necessary to do so on these proceedings. The question is, not whether the immigration tribunals were right, but whether their conclusions were so obviously unfounded and wrong as to be unreasonable and arbitrary. Enough has been said, I think, to show that this is not established. The matter appears to have been considered with entire fairness by the Board of Review. They reopened it for a further examination by the doctor as to the applicant's age and, as above stated, offered the applicant's counsel an opportunity to have him examined by his own physician. The discrepancies between the applicant and his alleged father on the one side and Jew Yot Deuck (who was held not to be a son of this alleged father and excluded), which were of course immaterial, are not referred to by the Board of Review and seem not to have been relied on by it. My impression is in the applicant's favor, that he is a boy of rapid development and dull mind, of the type who do not notice accurately details of their surroundings; and it may be that the Board of Review will see fit to examine into this phase of the case some-

what more thoroughly. But that question is for them to decide.

Petition dismissed.