## UNITED STATES ex rel. FONG ON v. DAY, Immigration Com'r.

District Court, S. D. New York.
March 17, 1930.

James C. Thomas, of New York City, for relator.

Charles H. Tuttle, U. S. Atty., and Leon E. Spencer, Asst. U. S. Atty., both of New York City, for respondent.

WOOLSEY, District Judge.

The issues of relationship between the relator and Fong Bing Len here involved will be referred to a special master to hear evidence thereon and report with his opinion thereon to this court with all convenient speed, provided that before such order of reference shall be entered the relator must deposit with the clerk of this court the sum of $250 to cover the expense of the said reference.

In this case, admittedly, the relator Fong On is a citizen of the United States, and the question at issue is the exclusion of Fong Bing Len who, the relator claims, is his son.

The crucial question on that issue is the age of the son.

On this the Chairman of the Board of Review in his decision on the relator's appeal from the ruling of the Commissioner of Immigration had this to say: "However, the outstanding adverse feature in this case is the fact that, whereas the applicant claims and is claimed to be 12 years old and cannot be the son of his alleged father if he is above that age, he has been adjudged by the examining medical officer at the port after a physical examination to be not less than 16 years old. And the full length photograph of the applicant bears out the statement of the Chairman of the Board at the port that the applicant appears to be nearly twice the age claimed. While estimates of age at other periods may not closely be made with certainty, in the opinion of the Board of Review it is not possible that a claim could be maintained that an individual who is beyond adolescence and entering upon maturity as attested by a medical officer is of the age of a child approaching puberty."

■ The report of the medical officer above referred to is attached to the record as Exhibit A. It reads as follows:

"Treasury Department
"United States
· "Public Health Service
"Ellis Island, N. Y.
"December 23, 1929

"Medical Certificate

"Re: Chinese Fong Bing Len.

"In compliance with the request of the Assistant Commissioner of Immigration, I have this day examined the above named alien and in my opinion he is at least sixteen (16) years of age.

"E. H. Mullan,
"Surgeon, P. H. S.

"Respectfully forwarded to the Commissioner of Immigration, re: 149/125, Dec. 23, 1929

"C. H. Lavinder,
"Chief Medical Officer"

In regard to this report it may be observed:

First, That it does not state Dr. Mullan's qualifications, except such presumption thereof as may be involved in the description "Surgeon P. H. S.," after his signature; and

Second, that it is a mere statement of a conclusion of fact without a description of the examinations or tests on which it was based.

Such an informal certificate may be satisfactory as an intradepartmental memorandum, but it does not satisfy an independent tribunal which is called on to pass on the question whether Fong Bing Len had a fair trial on the issue of his paternity.

I do not think that the certificate constitutes adequate evidence in the report to support the Department's finding on what it states is the crucial question here involved. Cf. United States ex rel. Devenuto v. Curran (C. C. A.) 299 F. 206, 213.

■ Such evidence, if not taken in question and answer form, should at least be in affidavit form with a statement of deponent's qualifications and of the details on which his conclusions are based.

The record, therefore, put at its highest, is inconclusive and does not affirmatively show, as it should, that there was a fair trial.

Now it is obvious to me under the circumstances above mentioned:

First, that it would not be fair to the government to grant the writ because it may be that Dr. Mullan had good grounds for his conclusion, and

Second, that, on the other hand, it would be most unfair to the relator to deny the writ on such a bald certificate.

Consequently, as above indicated, my decision is that the issue of the relationship between the relator and Fong Bing Len must be reheard by the court. Chin Yow v. United States, 208 U. S. 8, 12, 13, 28 S. Ct. 201, 52 L. Ed. 369.

Having found that a substantially similar practice situation was presented to the Court of Appeals for this circuit in the case of United States ex rel. Devenuto v. Curran, 299 F. 206, 213, I sent for the record in this court of the proceedings subsequent to mandate, and I discover, on examination of that record:

1. That the order on mandate was entered on May 19, 1924.

2. That on June 30, 1924, an order was made referring the matter to a special master to take proof and report with his opinion on the crucial issue in that case, which was whether the alien involved therein could read the Italian language, within the letter and spirit of the immigration laws and rules, on condition of the deposit by the alien of a sum of money with the clerk of this court to cover the expenses of the proceeding before the special master.

3. That on October 17, 1924, a hearing was had before the special master.

4. That on October 22, 1924, the special master reported in the alien's favor. And

5. That the report having been duly brought on for confirmation on November 11, 1924, an order confirming it and sustaining the writ of habeas corpus was entered on November 19, 1924, in pursuance of which the alien was discharged from custody.

The practice above outlined is convenient and proper and should be followed, I think, where disputed questions of fact on proceedings such as these have to be dealt with by a busy court.