**WONG BING PON v. CARR, District Director of District 31, United States Immigration Service.**

**No. 6043.**

Circuit Court of Appeals, Ninth Circuit.

June 26, 1930.

You Chung Hong, of Los Angeles, Cal. (George W. Hott, of Washington, D. C., of counsel), for appellant.

Samuel W. McNabb, U. S. Atty., Gwyn S. Redwine and P. V. Davis, Asst. U. S. Atty., all of Los Angeles, Cal. (and Harry E. Blee, Immigration Dept., of Los Angeles, Cal., on the brief); for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

Wong Bing Pon, appellant herein, was born in China and is of Chinese race. He arrived at San Pedro, Cal., on June 16, 1929, and applied for admission at that port as a citizen of the United States, claiming to be the son of Wong Lip Que, whose citizenship is conceded. This application having been denied and deportation ordered, he petitioned the District Court for a writ of habeas corpus, and now appeals from an order discharg-

ing the writ and remanding him to the custody of appellee for deportation.

The main question on this appeal arises out of the conclusion reached by the board of special inquiry, affirmed by the board of review, that appellant is younger than he claims to be. According to the testimony of appellant, his father, and a prior landed brother, Wong Bing Pon is between 15 and 16 years of age. The Board of special inquiry noted that he is 4 feet, 6 inches, in height, and that his general appearance, attitude, and demeanor are that of a child between the ages of 8 and 10 years. Two public health surgeons signed a certificate stating it to be their opinion that he is 9 years of age, the certificate containing, however, no statement as to the specific physical findings upon which they base their conclusion. Appellee concedes that the opinion expressed by such a certificate is of no greater value than the expression of an opinion by a layman. Woo Hoo v. White (C. C. A.) 243 F. 541. Subsequent to the adverse decision by the board of special inquiry, three physicians' certificates were procured on behalf of appellant, and forwarded to Washington, where they were submitted to the board of review. These certificates, while not as detailed in their statement of physical factors as might be desired, express the opinion that appellant is retarded in his growth, and that the dentition indicates that he is from 12 to 15 or 16 years of age.

In determining whether the failure of the immigration authorities to pursue their inquiries as to appellant's age, beyond the point fixed by their own observations as laymen, and the general conclusion recited in the certificates of the public health surgeons above referred to, constituted unfairness of hearing, reference must be had to the entire record. From this it appears that appellant, his father and brother were in substantial accord as to all details of their village and family. The board of review dismissed from consideration various minor discrepancies, and finally relied upon two (apart from the question of applicant's age) as supporting the finding that the claimed relationship was not established. The first concerned appellant's statement that he last saw his father 2 years ago, when as a matter of fact the father had returned to the United States from China but 6 months prior to appellant's arrival. It is suggested in argument that further questioning on this subject would have developed the absence of discrepancy as to this point, because of the differences between the Chinese and the American methods of reckoning time.

However this may be, appellant was given no opportunity to explain his answer; in the face of the fact that his entire examination showed him to be extremely vague in his ability to fix dates. In view of this failure to pursue the subject, it must be held that this discrepancy is without substance.

The same lack of substance is found in the second discrepancy mentioned. Appellant was asked, "What is your father's father's name, age, and present whereabouts?" to which he answered, "I don't know." He gave the same answer to a similar compound question concerning his father's mother. The father's testimony shows that his parents had been dead for many years, and there is no evidence in the record of any circumstances, such as visits to the graves or celebration of any rites of ancestor worship, which would call the names of these grandparents to appellant's attention. The mere fact that appellant is of Chinese race is not sufficient to raise the presumption that he has been instructed in the rites of ancestor worship and must therefore have a clearer knowledge concerning the names of his grandparents than experience would lead us to expect from a boy of his years of another race, where the grandparents are long since dead.

On this state of the record it appears that, aside from the disputed question of appellant's age, there is no substantial evidence to support the finding that relationship has not been established. On the question of age the board of special inquiry based its finding upon lay opinion as above described. It did not procure the assistance open to it in the opinions of scientific men based upon detailed physical findings. The only scientific findings in the case are contained in the certificates offered on behalf of appellant, which were never before the board of special inquiry, although considered by the board of review. In view of common knowledge that cases of arrested development exist, in which the person appears much younger than his years, and in view of the fact that the record in this case shows the question of appellant's age to be the only material one raising doubt as to the claimed relationship, we must hold that the failure of the immigration authorities to avail themselves of scientific assistance in this regard constituted an unfairness of hearing. In other cases before this court, where there has been a wide discrepancy between the age claimed by an applicant for admission and the age found by the immigration authorities, the record has shown either other discrepancies [Tom Him v. Nagle (C. C. A.)

606

27 F.(2d) 885], or evidence of opinion based upon detailed physical examination [Young Fat v. Nagle (C. C. A.) 3 F.(2d) 439; Wong Fook Ngoey v. Nagle (C. C. A.) 300 F. 323; Lew Git Cheung v. Nagle (C. C. A.) 36 F.(2d) 452]. The privileges of citizenship are not to be lightly denied to an applicant for admission to this country, and we believe that, where a difference of opinion as to age is the sole ground of rejection, effort should be made to procure scientific assistance and a detailed report upon the subject, as was done in the cases last cited.

The order is therefore reversed and the cause is remanded to the District Court, with directions to issue the writ of habeas corpus as prayed, and for a trial on the merits. See Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369; Kwock Jan Fat v. White, 253 U. S. 454, 465, 40 S. Ct. 566, 64 L. Ed. 1010.