## WEEDIN v. YEUNG BON LIP. *
### No. 6103.

Circuit Court of Appeals, Ninth Circuit.

Oct. 6, 1930.

Anthony Savage, U. S. Atty., of Seattle, Wash. (Hamlet P. Dodd, Asst. U. S. Atty., and John F. Dunton, U. S. Immigration Service, both of Seattle, Wash., on the brief), for appellant.

Hugh C. Todd, of Seattle, Wash., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WEBSTER, District Judge.

The appellee was admitted into the United States as the minor son of a domiciled Chinese treaty merchant as the result of habeas corpus proceedings in the court below, and the government appeals. The appellee is of the Chinese race and a native of China. He arrived at the port of Seattle on August 12, 1929, and applied for admission into the United States as a minor son of Yeung Won Fou, a domiciled Chinese merchant residing at Pittsburg, Pa. He was accorded a hearing before a duly constituted Board of Special Inquiry at Seattle, and his application was denied on three grounds, namely, that he was not in possession of an unexpired immigration visa, that his alleged father did not possess the status of a bona fide merchant, and that the appellee was not a son of the alleged father. The appellee thereupon appealed to the Department of Labor, and the Board of Review overruled the findings of the Board of Special Inquiry to the effect that appellee did not possess a proper visa and also that the father was not a bona fide merchant, but sustained the finding that the proof of relationship claimed by appellee was not sufficient and for that reason the appeal was dismissed and the appellee was ordered returned to China. The habeas corpus proceedings from which this appeal is prosecuted were then instituted. The single question for determination is whether the District Court erred in discharging the appellee upon the ground that the finding of the Department of Labor that the appellee was not the son of Yeung Won Fou was not warranted. It appears to be conceded, and the Board of Review found, that the alleged father of appellee was in China at a time to make possible his paternity of a child of the appellee's asserted age, and that at the time of the admission of the alleged father in 1922 he stated that he had a son of a name and age corresponding to those claimed by the appellee. The record, therefore, raises no issue as to an *essential trip abroad*, which frequently arises in this general class of cases. The sole question presented is one of relationship and identity. While there are discrepancies in the testimony offered in support of the appellee's application for admission, the chief thing upon which the authorities relied in rejecting the applicant was that he was not of the age of approximately 19 years—to be exact, 19 years, one month and eight days—the age he would have to be if he is the son of the domiciled merchant as claimed by him. When the alleged father came to this country in 1922 he stated that he had a son named Yeung Bon Lip, who was at that time 12 years of age. So, if appellee is that son, he must have been over 19 years of age at the time of the hearing before the Board of Special Inquiry, and appellee claimed that he was of that age. There was no claim of mistake on the part of Yeung Won Fou in fixing the age of appellee at the time the former was admitted into the United States. The board concluded that appellee was very much

younger than the age claimed by him and consequently was not Yeung Bon Lip, but was endeavoring to palm himself off as that individual, if there is in fact any such person. One of the members of the board expressed the opinion that the applicant was about 15 years of age, but evidently no older than that; another that he could easily pass for 12 years of age, though he might possibly be 14 or 15; the chairman stated he was satisfied that the applicant was approximately 15 years of age, and did not believe he could be more than 16. The physician called upon to examine appellee in his certificate stated, "In the case of Yeung Bon Lip referred to me for an expression of his approximate age, you are informed that, based on his facial expression, sexual development and teeth, I am of the opinion that he is between the ages of 12 and 15 years." In behalf of the applicant was his own testimony, that of his alleged father, and two alleged brothers who theretofore had been admitted as minor sons of Yeung Won Fou. In this testimony there were a number of more or less important discrepancies, but none of them bore directly on the fact of relationship. These discrepancies, however, have added convincing force because of the fact that the alleged brothers already in this country were admitted in 1928 and therefore should have possessed fresh memories concerning the matters out of which the discrepancies arose. It may be added that there was some slight evidence that appellee, prior to his coming to the United States, had been ill, but there was no evidence tending to show that he had ever suffered from any protracted sickness of a character calculated to retard his physical or mental development.

In the light of the foregoing facts, it is thought that the case is governed in this jurisdiction by the holdings of this court in Wong Fook Ngoey v. Nagle, Commissioner, 300 F. 323; Tom Him v. Nagle, Commissioner, 27 F.(2d) 885, 886; Young Fat v. Nagle, Commissioner, 3 F.(2d) 439; and Fong Lim v. Nagle, Commissioner, 2 F.(2d) 971. In Wong Fook Ngoey v. Nagle, supra, it was held that where the testimony of the examining physician was to the effect that in his opinion a Chinese boy was at least two years older that his claimed age of 12 years and 9 months, which was necessary to be shown to entitle him to admission as the son of an American citizen, such testimony alone was sufficient to create a conflict of evidence and thereby render an order of a Board of Inquiry refusing admission not reviewable by the courts. In the course of the opinion, Judge Gilbert writing, it is said:

"It is contended that the general appearance of the applicant and the certificate of the physician cannot avail to counterbalance the positive testimony, which is otherwise not contradicted, that the appellant was no older than he claimed to be. Reference is made to our decision in the case of Woo Hoo v. White, 243 F. 541, 156 C. C. A. 239. In that case the applicant claimed to be 20 years of age, and he was rejected on the certificate of two surgeons, who were of the opinion that his age was within one year either way of 23 years. The certificate was based upon the general appearance of the applicant, and we held that upon such a question the certificate had but little, if any, probative value to show a difference of age of only 2 years. The facts in the present case are broadly different. While it might be difficult for either a surgeon or a layman to distinguish a difference of 2 years in the age of one who claimed to be 20, it is believed that no such difficulty exists in determining whether an applicant is 12 years and 9 months old, or 2 or 3 years older; the physical changes in those years being much more distinct and perceptible.

"In the present case the members of the board relied largely, as properly they might, upon the certificate of the examining physician. * * * The case is therefore one of conflicting evidence, upon which the members of the board have exercised their judgment, and we see no ground upon which it can be disturbed by a court."

In Tom Him v. Nagle, supra, Judge Rudkin, speaking for the court, said:

"Furthermore, the appellant gave his age as 13 years and 4 months, while one member of the Board of Special Inquiry was of opinion that he was from 18 to 20, another that he was not under 17, the third that he was 19, and the medical examiner of aliens at the port expressed the opinion that he was within 2 years either way of 18. In Wong Fook Ngoey v. Nagle (C. C. A.) 300 F. 323, the applicant was about the same age as the appellant here, and the discrepancy between the claimed age and the apparent age was much less, but this court held that this discrepancy alone was sufficient ground for exclusion."

It will be noted that the discrepancies in the Tom Him Case correspond very closely with those in the instant case.

See, also, United States ex rel. Soo Hoo Hong v. Tod, Commissioner (C. C. A.) 290 F. 689.

In Chin Share Nging v. Nagle, Commissioner, 27 F.(2d) 848, 849, this court redeclared the settled rule in this class of cases that:

"The conclusions of administrative officers upon issues of fact are invulnerable in the courts, unless it can be said that they could not reasonably have been reached by a fair-minded man, and hence are arbitrary."

We are of the opinion that the officers of the government in the present case were well within their rights in denying appellee's application for admission, and that the judgment of the lower court discharging him on habeas corpus was erroneous.

Reversed.

WILBUR, Circuit Judge, concurs.