## UNITED STATES ex rel. FONG ON v. DAY, Commissioner of Immigration.

### No. 191.

Circuit Court of Appeals, Second Circuit.
Jan. 11, 1932.

For opinion below, see (D. C.) 39 F.(2d) 202.

George Z. Medalie, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for appellant.

James C. Thomas, of New York City, for relator-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Fong Bing Len, a person of Chinese descent, arrived at the port of New York on the steamship Silvia in December, 1929, and claimed admission to this country as a foreign-born son of the relator, Fong On, who is a native-born citizen of the United States. If the claimed relationship exists, the applicant for admission is himself a citizen by virtue of the statute. 8 USCA § 6. A hearing was accorded the applicant by a board of special inquiry. It decided against the applicant upon the issue of paternity, and on appeal to the Secretary of Labor the board's excluding decision was affirmed. Thereupon a writ of habeas corpus was sued out, to which the respondent filed a return, incorporating a transcript of the proceedings before the board and on the appeal to the Secretary. The District Court sustained the writ and referred the issue of paternity to a special master to hear evidence thereon de novo and report his conclusions. 39 F.(2d) 202. Upon the coming in of the master's report, which found in favor of the applicant, the order appealed from was entered.

A person of Chinese descent claiming the right to enter the United States as a citizen is not entitled to a judicial hearing on the issue of his citizenship. The determination of this question rests with the immigration officials, and, if they accord a fair hearing and reach a decision not utterly arbitrary, their finding is conclusive. 8 USCA § 104; United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606; Ng Fung Ho v. White, 259 U. S. 276, 282, 42 S. Ct. 492, 66 L. Ed. 938; United States ex rel. Fong Lung Sing v. Day, 37 F.(2d) 36 (C. C. A. 2). The District Court held that the applicant had not been accorded a fair hearing, and the correctness of this decision is the first, and indeed, in view of the conclusion we have reached as to it, the only, question presented by this appeal.

While there were some slight discrepancies in the testimony of the applicant and of his putative father as well as in the testimony of the father given at this and a prior examination, we pass at once to the main ground of exclusion, namely, the apparent age of the applicant. The date of birth claimed for him was June 14, 1917, which would make his age 12½ years at the time of the hearing. If he was substantially older than this, he could not be the son of Fong On, whose first visit to China was undertaken in June, 1916. The applicant, his father, and the identifying witness testified to the boy's age as claimed but the record notes that in the unanimous opinion of the board of special inquiry he is at least 20 years old. He is five feet six and a quarter inches tall, and the full length photograph of him included in the record certainly gives him the appearance of being many years older than the age claimed. A certificate signed by a surgeon of the public health service states that he has examined the applicant and believes him to be at least 16 years of age.

When the age of a person becomes an issue and the person is present before the triers of the fact, it can hardly be doubted that they are at liberty to use their senses and to draw an inference as to the person's age from his physical appearance. 1 Wigmore, Evid. (2d Ed.) § 222; Wong Fook Ngoey v. Nagle, 300 F. 323 (C. C. A. 9). It is true that such inference cannot always be drawn with accuracy, and that the difficulty may be enhanced by the fact that the person whose age is in question is of an alien race; nevertheless we cannot say that the mature appearance of Fong Bing Len did not present some evidence in contradiction of the testimony that he was only 12½ years old. Moreover, the board had before it the certificate of the surgeon of the public health service. Such a certificate is competent evidence, although it would carry more weight if it contained a statement of the nature of the surgeon's examination of the applicant and the grounds upon which he based his conclusion. The Ninth circuit has repeatedly accepted proof by physicians' certificates in similar cases. Wong Fook Ngoey v. Nagle (C. C. A.) 300 F. 323; Fong Lim v. Nagle (C. C. A.) 2 F.(2d) 971; Young Fat v. Nagle (C. C. A.) 3 F.(2d) 439; Tom Him v. Nagle (C. C. A.) 27 F.(2d) 885; Lew Git Cheung v. Nagle (C. C. A.) 36 F.(2d) 452; cf. Wong Bing Pon v. Carr (C. C. A.) 41 F.(2d) 604. We have

ourselves recognized the competency of a medical certificate of a different type. United States ex rel. Powlowec v. Day (C. C. A.) 33 F.(2d) 267. We cannot say that admission of the surgeon's certificate, without calling him to testify as to his qualifications and the basis of his opinion, made the hearing unfair. It is true that the certificate states only the surgeon's bare conclusion based upon an "examination" of the applicant. As already noted, it would be more valuable if more detailed. But the absence of details, and the failure of the board to call the surgeon to explain the grounds of his opinion, especially when his conclusion is so clearly supported by the applicant's general appearance as observed by the board, cannot, in our opinion, be viewed as indicating any lack of honest effort to arrive at the truth by fair and reasonable methods. If Wong Bing Pon v. Carr, 41 F.(2d) 604 (C. C. A. 9), holds the contrary and means to make the fairness of the hearing turn on the mere form of the surgeon's certificate, we cannot follow it.

■ Had the applicant asked to have the surgeon produced and questioned, and had this been refused, no doubt the hearing would have been unfair, but no such request was made. It is true that the applicant may not be represented by an attorney at the hearing (rule 3, subd. 3, of Rules of Oct. 1, 1926, governing the Admission of Chinese), and that the youthful applicant himself could scarcely be expected to make such a request, but he may have a friend present and such friend might ask for the production and examination of the surgeon. Moreover, rule 3, subd. 4, gives "the applicant or his attorney" after an adverse decision an opportunity to introduce additional evidence, and, even after the appeal, rule 5, subd. 4, permits an application to reopen the case for additional testimony. The applicant was represented by an attorney upon his appeal, but at no time was any request made to reopen the case for an examination of the surgeon whose certificate was used, or for the introduction of testimony of physicians employed by the applicant. Upon the record we see nothing to indicate that the hearing was conducted unfairly. The surgeon's certificate and the applicant's mature appearance constituted some evidence to support the board's decision against the asserted paternity of Fong On. Viewing the case as one of conflicting evidence upon which the immigration officials have exercised their judgment in a hearing fairly conducted, we find no ground upon which the District Court could properly intervene in a habeas corpus proceeding. The writ

should have been dismissed. Whether, had the hearing been unfair, the issue of paternity should have been remanded to the board for a further hearing or could properly be referred to a special master, we need not now consider.

Accordingly the order appealed from is reversed, and the cause remanded, with directions to dismiss the writ.