### UNITED STATES ex rel. CHUNG YUEN POY v. CORSI, Commissioner of Immigration.

District Court, S. D. New York.
March 14, 1932.

John M. Lyons, of New York City, for relator.

George Z. Medalie, U. S. Atty., and Ira Koenig, Asst. U. S. Atty., both of New York City, for respondent.

PATTERSON, District Judge.

The applicant, a Chinese boy, claims the right of admission as an American citizen. His status as a citizen depends upon whether he is the son of one Chung Dong, conceded to have been a citizen by reason of birth in this country. The Board of Special Inquiry which heard the case at Ellis Island decided that the applicant's story was untrue and excluded him. The Board of Review affirmed the order of exclusion.

The alleged father, Chung Dong, returned to China in 1910, never came here again, and is said to have died in 1924. Two persons who claimed to be sons were admitted to this country, one in 1929, the other in 1931. These two alleged brothers of the applicant identified him. Their narratives as to family matters, village life, and so on agree in the main with the applicant's testimony. The adverse finding of the two boards rests upon two flaws said to have been developed in the course of the hearings. The first relates to the family of an older brother still in China. The applicant and the two alleged brothers who testified for him agreed that this brother was married and that he and his family lived in the same house with them in their native village. The applicant said that this married brother had only one child, a son. The other two, however, testified that he had two children, a son and a daughter. They gave the names and ages of the two children.

The second feature has to do with the applicant's age. He said that he was 18. The two alleged brothers gave him the same age. The Board of Special Inquiry thought that he looked much younger. Two surgeons of the Public Health Service thereafter made an examination, including the use of X-ray, and testified that he was about 14. They set forth grounds for this opinion. On the other hand, two surgeons who were eminently qualified and were called in the applicant's behalf, testified that he might well be 18 or 19 years old. It is also pointed out that the personal description of the alleged father, Chung Dong, shows him to have been of small stature, and it is argued that this fact tends to reconcile the applicant's appearance of immaturity with the claimed age of 18.

While the case in behalf of the applicant is a strong one in many aspects, as a study of the record will show, the limited power of the courts in cases of this type must

not be lost sight of. The determination of the applicant's citizenship rests with the immigration officials. If they give him a fair hearing and reach a decision not utterly arbitrary, their finding is conclusive. United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606.

That a fair hearing was accorded to the applicant is manifest. The hearings were reopened to afford him an opportunity to present medical testimony as to his real age. Nor can it be said that the decision of the immigration boards was without substantial evidence to sustain it. The discrepancy as to the children of the married brother, children said to have resided in the same house with the applicant and his two witnesses prior to their recent departure from China, is not readily explained. It is a contradiction that reasonable men might attach importance to, as tending to indicate a fabricated relationship.

As to the applicant's age, there was substantial evidence to support the finding that he is several years younger than 18. The immigration officials had a right to use their eyes and to draw an inference from the physical appearance of the applicant. They also had before them the opinion of qualified experts, who had made more than a casual examination of the applicant, to the effect that he was not over 15. Weight may be given to such evidence. Young Fat v. Nagle (C. C. A.) 3 F.(2d) 439; United States ex rel. Fong On v. Day, 54 F.(2d) 990, in the Circuit Court of Appeals of this circuit; United States ex rel. Lee Ping v. Corsi. While other qualified experts expressed a different opinion as to the age of the applicant, this did no more than raise a dispute which the boards had the right to resolve against the applicant. There was a like dispute in Young Fat v. Nagle, supra. It is also true that in this case the age found to be the true age would not necessarily disprove the claimed parentage. In each of the three cases cited above, the situation presented was one where the relator could not have been the son of the man he claimed as his father if his real age was as the board found it. There was a clear motive to falsify as to age. Here, however, the applicant's alleged father seems to have been in China at all times after 1910, and for all that appears might have had a son born there 14 years ago. But this does not require an inference that the administrative officials acted unreasonably in finding that the applicant was only 14, nor does it mean that they acted arbitrarily in treating as a serious discrepancy the conflict between the age so found and the age testified to by the applicant.

The case is one where fair-minded men might conclude, in view of the contradiction as to the number of children of the married brother and in view of the testimony as to the applicant's age, that the applicant had not made out a case. It follows that the writ of habeas corpus must be dismissed.