**UNITED STATES ex rel. ENG FON SING**
**v. REIMER, Commissioner, etc.**

District Court, S. D. New York.

July 2, 1940.

Myers & Guerin, of New York City (Maurice R. Cheyette, of New York City, of counsel), for relator.

John T. Cahill, of New York City (Delores C. Faconti, of New York City, of counsel), for respondent.

CONGER, District Judge.

Habeas corpus by Ng Goot Foo alleged father of Eng Fon Sing. The writ has been brought on behalf of the above named

infant, Eng Fon Sing, by reason of an exclusion order against him. Eng Fon Sing arrived at the port of New York on October 6, 1939, claiming admission to the United States as the son of Ng Goot Foo. There were several hearings accorded the relator. At the conclusion of the hearings, he was ordered excluded by a Board of Special Inquiry. The case was later reopened, and additional testimony taken, and the relator again ordered excluded. An appeal was taken to the Secretary of Labor from said rulings, and the appeal was dismissed on the ground that the relator was not the son of Ng Goot Foo, and relator ordered excluded as an alien ineligible to citizenship, not a member of the exempt classes and inadmissible under Section 13(c) of the Immigration Act of 1924, 8 U.S.C.A. § 213(c).

There is no question as to the citizenship of the alleged father Ng Goot Foo. The question here is the paternity of the relator. The relator, his alleged father and his witnesses claim he is eighteen years of age, which, if true, in accord with the rest of the testimony, would indicate that he is the son of Ng Goot Foo, who was married in China on May 2, 1921.

The immigration authorities, however, contend that relator is twenty-one years of age, or over, which, of course, if true, would disqualify him as the son of Ng Goot Foo.

The immigration authorities base their opinion upon a certificate of a Public Health Service doctor, who later testified, based on physical, sexual development, dental and X-ray examinations of various joints and absence of any abnormality, that the relator is over twenty-one years of age, probably twenty-two to twenty-five years. The immigration authorities therefore held that since the alleged father was married on May 2, 1921, in China, and the relator being over twenty-one years of age, he could not be the child of the alleged father, born in wedlock, and therefore would not derive citizenship from the alleged father.

The decision is further based on the observation of the members of the Board of Special Inquiry, particularly that of the chairman, who in his report, stated that he had experience of ten years as member of Boards of Special Inquiry in the Chinese Division, during which time he had observed thousands of Chinese applicants, and that his personal opinion was that the applicant was older than he claimed to be.

The decision of the Board is also based on certain discrepancies in the testimony had on a previous occasion, which bore directly on the date of birth of relator.

While it is true that in these Chinese exclusion cases, discrepancies are of great aid, and are invaluable as yardsticks in determining the truth or falsity of the testimony of a Chinese person seeking admission, or testimony by his friends or relatives, nevertheless in this case, I think we may very well eliminate the discrepancies. I agree with the Board of Review on Appeal (April 19, 1940) which rather intimated in its decision that the father might have made a mistake in his first statement of his son's birth date. In passing on this particular phase of the case, the Board of Review finally summed up the effect of these discrepancies: "in any event, this prior-record claim cannot be regarded as clearly favorable to the appellant's cause, for it amounts to a contradiction made by the alleged father under oath of the present claim that this appellant is entitled to admission as a citizen, being a son of a United States citizen who had established residence in this country prior to the appellant's birth."

The relator, on his behalf, produced an eminent and qualified physician who testified that it was impossible to tell from an examination, even with X-rays and other medical and physical tests, with any degree of certainty, the age of a person based on epiphyseal development, and that any estimate should be considered three years up or down. This doctor testified at great length. His final conclusion was that the applicant could be of the age claimed, namely, eighteen years.

However, after listening to him, the immigration authorities chose to accept the testimony of the physician from the Public Health Service, and the observations of the Board of Special Inquiry.

The only question before this Court is whether or not the relator received a fair and impartial trial. The courts have placed a very narrow limitation on a review of administrative decisions in cases of this nature. The Circuit Court of Appeals for this Circuit, in the case of United States ex rel. Ng Kee Wong v. Corsi, 2 Cir., 65 F.2d 564, 565, has stated: "The power of the courts to review the decisions of administrative officials charged with the duty of enforcing the immigration laws is very limited. See United States ex rel. Fong

Lung Sing v. Day [2 Cir.], 37 F.2d 36, and cases there cited."

■ "The denial of a fair hearing is not established by proving merely that the decision was wrong. Chin Yow v. United States, 208 U.S. 8, 13, 28 S.Ct. 201, 52 L. Ed. 369. This is equally true whether the error consists in deciding wrongly that evidence introduced constituted legal evidence of the fact or in drawing a wrong inference from the evidence. The error of an administrative tribunal may, of course, be so flagrant as to convince a court that the hearing had was not a fair one. Compare United States ex rel. Bilokumsky v. Tod,. 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. [221] decided November 12, 1923; Kwock Jan Fat v. White, 253 U.S. 454, 40 S.Ct. 566, 64 L.Ed. 1010; Zakonaite v. Wolf, 226 U.S. 272, 33 S.Ct. 31, 57 L.Ed. 218; Tang Tun v. Edsell, 223 U.S. 673, 32 S.Ct. 359, 56 L.Ed. 606." United States ex rel. Tisi v. Tod, .264 U.S. 131, 133, 44 S. Ct. 260, 261, 68 L.Ed. 590.

■ The question is not whether this court with the same facts before it might have found differently from the board, but it is a question of determining simply whether or not the hearing was conducted with due regard to those rights of the applicant that are embraced in the phrase "due process of law". Tang Tun v. Edsell, supra [223 U.S. 673, 32 S.Ct. 363, 56 L.Ed. 606]; Yep Suey Ning v. Berkshire, 9 Cir., 73 F.2d 745, 746, 749.

On the proposition of ascertaining the age of the relator by personal observation and by an examination by a physician, there is precedent in this Circuit on the precise question. In the case of United States ex rel. Fong On v. Day, 2 Cir., 54 F.2d 990, 991, the court held that when the age of a person becomes an issue, and the person is present before the triers of the fact, that they were able to use their senses and draw an inference of the person's age from his physical appearance. The court further held that the certificate of a physician of the Public Health Service is competent on the question of age, and upheld the decision of the immigration authorities. The court said, among other things, "If they [immigration authorities] accord a fair hearing and reach a decision not utterly arbitrary, their finding is conclusive. * * * Viewing the case as one of conflicting evidence upon which the immigration officials have exercised their judgment in a hearing fairly conducted, we find no ground upon which the District Court could properly intervene in a habeas corpus proceeding. The writ should have been dismissed." United States ex rel. Fong On v. Day, supra.

As has been very well stated in the case of United States ex rel. Chung Yuen Poy v. Corsi, D.C., 2 F.Supp. 260, 261, affirmed 2 Cir., 62 F.2d 777: "While other qualified experts expressed a different opinion as to the age of the applicant, this did no more than raise a dispute which the boards had the right to resolve against the applicant."

■ This case is one of conflicting evidence. The immigration authorities have decided it against the relator. Applying the rules set down in the cases heretofore mentioned, this Court can not say that the relator did not receive a fair trial, and that the decision was arbitrary, so arbitrary as to constitute no trial. At most there is present an issue of fact which the immigration authorities have decided upon evidence, which, under the rules, this court may not set aside.

Writ dismissed. Settle order on notice.