**UNITED STATES ex rel. MARK GUEY HIM v. REIMER, Com'r of Immigration.**

**No. 31.**

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1940.

Banton & Pecora, of New York City (Joab H. Banton and Raymond A. Flynn, both of New York City, of counsel), for appellant.

John T. Cahill, U. S. Atty., of New York City (Jerome H. Doran, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

The applicant has been excluded from admission to the United States because he failed to prove his citizenship. He asserted that the relator, concededly a citizen, was his father; and the question, as always in these cases, was whether the proof was so indisputable that a denial of his paternity could only have proceeded from an entire disregard of the evidence, and an arbitrary disposition not to hear the case upon the merits. The witnesses were examined in great detail as to the Chinese village from which they came, but their testimony developed no substantial inconsistencies. The Board excluded the applicant chiefly because he appeared to them to be older than he could have been, if he was to be the relator's son. For this it depended in part upon its own judgment, and in part upon the certificate of the surgeons who had examined the applicant at Ellis Island, one of whom was also called and testified. To meet this the relator called a physician, particularly qualified on the subject, who testified that it was impossible from the applicant's appearance to fix his age outside the permissible limit here; even with the aid of X-rays and by those scientific determinants which are commonly used for the purpose. The Board also thought the relator's credibility impaired by inconsistencies in his testimony upon an earlier proceeding, when a supposititious brother was seeking to enter.

The case falls within our ruling in United States ex-rel. Fong On v. Day, 2 Cir., 54 F.2d 990; indeed it is weaker for the applicant, because here the Board did not rely merely upon the surgeons' certificate, but also, as we have already said, upon the testimony of one of those who had signed it. The issue was not so clear that persons, honestly disposed to decide it on the merits, must have concluded that the applicant was the relator's son.

Order affirmed.