ently of any other pipe in the store to the blacksmith shop to fill barrels and tubs for blacksmith purposes, and without any connection with the steam pipes excepting a valve, so that the steam could be used to keep the pipe from freezing or thaw it out. This work was done by the plaintiff company at the request of the defendants, upon whose refusal to pay therefor came this action, wherein defendants claimed that the work upon the cold-water pipe was embraced within the terms of the order as stated above. But it plainly was not, and for the practically undisputed value of the work and materials judgment was rightly rendered by the justice for the plaintiff company. It was contended on argument here that the judgment should be reversed for error in not permitting a person who testified that he was an engineer and electrician to answer the question "whether, under the terms of that contract, a water pipe that is situated within the building, and connected with steam pipes with a valve, would come in as part of this contract." Even were it admitted that the statement of the witness that he was an engineer and electrician qualified him as an expert as to things mechanical, it certainly did not render him competent to read new words into, or a new meaning in the words of, the order given by the defendants to the plaintiff. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

(26 Misc. Rep. 717.)

### CARRERE v. DUN.

#### (Supreme Court, Appellate Term. March 24, 1899.)

1. PRESUMPTION—REBUTTAL—INTERESTED WITNESS—QUESTION FOR JURY.
   Whether the uncontradicted statements of an interested witness in an action to recover for extra services by an employé, sufficient to establish a prima facie case, rebut the legal presumption that the services were rendered as a part of the employé's duties, is for the jury.

2. MASTER AND SERVANT—EXTRA WORK—PAYMENT—RECEIPT—EVIDENCE.
   Where an employé of a firm testified that a receipt given by a co-employé for services included services rendered for one of the members of the firm individually, for which suit was brought against such member, the receipt was properly admitted in evidence.

3. SAME—RELEASE.
   Where, in an action by an employé of a firm against one of its members for extra work performed for him, the answer alleged that there was no special agreement to pay for such services, and that the firm had discharged all its obligations to such employé, it was not error to refer in the testimony to a release executed by him to the firm for services rendered.

Appeal from city court of New York, general term.

Action by Fannie Bean Carrere against Robert G. Dun. From a judgment of the general term of the city court of New York affirming a judgment in favor of defendant (55 N. Y. Supp. 441), plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Wilson Lee Cannon, Jr., for appellant.
Henry B. Corey, for respondent.

LEVENTRITT, J.   The plaintiff, as assignee of William Carrere, her husband, sought to recover the value of services alleged to have been rendered by him to the defendant.   The essential facts are, briefly stated, as follows:   William Carrere was one of a number of accountants in the regular employ of R. G. Dun & Co., of which firm the defendant was a member.   During the term of his employment Carrere made an examination of the separate books of the defendant at the instance of one Green, a co-employé in general charge of the bookkeeping department.   The plaintiff contends that this work was not embraced in the general employment, was founded on a special agreement, and reasonably worth the sum of $350.   To support that contention, Carrere testified that he expressed his willingness to Green to do the work, provided he were paid for it, and that Green subsequently notified him that the defendant, having been informed of the proposition, approved of it.   The books were thereupon delivered to him, and taken to his house, where, as it is claimed, he devoted nights, Sundays, and holidays to their examination.   He further testified that while engaged on the books he had two conversations with the defendant.   At the first, the latter, handing him a list of additional entries to be made, inquired as to the state of the work, whereupon Carrere replied that he was progressing satisfactorily, and that he was applying himself to the books every night at his house.   At the second conversation, the defendant requesting a certain statement, Carrere repeated that the books were at his house, pursuant to an agreement with Mr. Green.   These several conversations are invoked by the plaintiff to show that the defendant both sanctioned and recognized the special agreement.   This is the plaintiff's story.   It establishes a prima facie case, and supplies those omissions of fact which, on a previous appeal to this court, were properly held to be fatal to a recovery.   Carrere v. Dun, 18 Misc. Rep. 18, 41 N. Y. Supp. 34.   The story, if it had been accepted, would have resulted in a verdict in her favor.   The defendant, however, by his direct contradiction of plaintiff's version, raised an issue for the jury.   Though full performance of the work was admitted, the alleged special agreement was emphatically denied.   Green testified that he directed Carrere to examine the accounts in the line of his regular employment, that the removal of the books to Carrere's house was at the latter's special request, for his own convenience, and that he was on frequent occasions permitted to leave the office early, to enable him to perform the work.   On this conflict of testimony a resort to the jury was necessary.   The plaintiff could not prevail without rebutting the legal presumption which confronted her at the very threshold of her case, that the stipulated salary of her assignor was the measure of his compensation for all work done by direction of the firm acting through its individual members.   Carrere v. Dun, supra.   To that end, as already outlined, evidence was adduced to make it appear that the work directed to be done was independent of, and foreign to, his regular services; was performed at unusual times, and with the knowledge and consent of the defendant.   Although the plaintiff may have succeeded in overcoming this presumption, the direct contradiction of Carrere's testimony by that

of Green raised an issue, the determination of which lay solely within the province of the jury. Even in the absence of such contradiction, Carrere's credibility, he having been an interested witness, was involved, and the jury was at liberty to accept or reject his statements. Kavanagh v. Wilson, 70 N. Y. 177; Elwood v. Telegraph Co., 45 N. Y. 549. The verdict, amply warranted by the evidence, is an indorsement of the defense, and, unless there be merit in the exceptions to which the plaintiff is remitted, the judgment must remain undisturbed.

The appellant urges that the admission of a receipt and the reference to a release, both executed by her assignor to the firm of R. G. Dun & Co., constituted reversible error. In view of the testimony of Green that the receipt was given for a payment which included compensation for the services alleged to have been rendered to the defendant individually, the receipt was clearly relevant and competent, while the subsequent release was material in support of the issue raised by the answer that there was no special agreement, and that the firm had discharged all obligations to Carrere.

Exception was also taken to the exclusion of a question, propounded on the cross-examination of Green, as to whether a custom prevailed with R. G. Dun & Co. permitting the removal of books from their office for the purpose of doing office work. The plaintiff's object in seeking a negative answer to this question was fully accomplished by Green's concession that the removal was exceptional. A careful examination of the record fails to show any erroneous ruling. The verdict meets with our approval as eminently just, and the judgment of the general term should be affirmed.

Judgment and order affirmed, with costs to the respondent. All concur.