(47 App. Div. 116.)

### SMITH v. COMAN.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. SCHOOLS AND SCHOOL DISTRICTS—SUPPLIES—ORDER—SUBSEQUENT TRUSTEE'S LIABILITY.

Where a trustee of a school district ordered charts, for use in such district, of the value of $15, as authorized by Laws 1896, c. 292 (Rev. St. [Banks' 8th Ed.] p. 1297, § 50), by a written order signed by himself as trustee, and payable within 12 months from date, and such charts were delivered to and used by such district, an assignee of the order was entitled to recover therefor against a trustee subsequently elected.

2. SAME—DE FACTO TRUSTEE.

Where a trustee of a school district was appointed by the school commissioner, as authorized by Laws 1888, c. 331 (Rev. St. [Banks' 8th Ed.] p. 1292, § 30), the fact that he held de facto title to the office was sufficient to enable third parties to recover against the district for school supplies ordered by him.

3. SAME—DISSOLUTION OF DISTRICT.

Under Consolidated School Law, tit. 14, § 1, providing that the power to review an order dissolving a school district on appeal by a person aggrieved is vested in the superintendent of public instruction in the first instance, in the absence of such appeal the validity of such order cannot be collaterally attacked in an action against the district for school supplies.

4. SAME.

Where a school district was dissolved by order of the school commissioner, and in an action against a former trustee of such district for supplies purchased before the dissolution he denied liability on the ground that he was not trustee at the time the action was commenced, and that the order of dissolution was void, and it was shown that he was the last trustee elected for such district, the action was properly brought against him, since, though the district was dissolved, he was continued in office, for the purpose of paying its debts, by Consolidated School Law, tit. 6, § 12, and, if the dissolution was invalid, he held his office until his successor was appointed, under title 7, § 24, of such act.

Appeal from Warren county court.

Action by J. Hobart Smith against Thomas Coman, as sole trustee of school district No. 1, town of Luzerne. From a judgment of the county court affirming a justice's judgment in favor of plaintiff, defendant appeals. Affirmed.

The action was brought to recover the price, $15, and interest, of school charts sold and delivered by the American Book Company, the assignor of the plaintiff, upon the following order:

"$15.00.                              Luzerne, N. Y., Nov. 17, 1892.

"To the American Book Company, 806 and 808 Broadway, New York: Please send to express office named below, express prepaid, one set Complete School Charts, the same being for school district No. 1, town of Luzerne, county of

Warren, for which I agree to pay fifteen dollars within 12 months from date, by P. O. money order, registered letter, or draft on New York.
"Ship to Thomas Hall. P. O.: Luzerne. Express Office: Hadley.
"Thomas Hall, Trustee."

The answer is a general denial, and also a denial that Hall was trustee; that the defendant is trustee, or liable as such.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Charles R. Patterson, for appellant.
H. W. Williams, for respondent.

LANDON, J. The written order given by "Thomas Hall, trustee," for the school charts, unlike a promissory note, is not a complete contract on its face. In addition to the proof of the order, the plaintiff had to prove compliance with it by his assignor before any obligation could arise. The bona fide holder, before maturity, without notice, of a promissory note, need only look to the face of the paper to ascertain who is liable upon it. The holder of this order had necessarily to look further. The paper itself advised him that the charts apparently were ordered for school district No. 1, but he would have to ascertain whether they were in fact delivered for the district and to it, or simply for the maker of the order and to him. If for and to the district, then the district would be liable, if the person giving the order acted within his authority. We make these remarks because many cases touching promissory notes and contracts, the obligation of which is expressed and complete on their face, are relied upon by the appellant. The general rule in such cases is that, unless the paper on its face shows that the maker acted as agent for another, the paper itself does not bind such other person. These cases do not apply, and therefore we need not look into the cases in which the accompanying circumstances qualify the rule. The evidence shows that the charts were delivered as ordered, and applied to the use of the school district. The statute—Laws 1896, c. 292 (Rev. St. [Banks' 8th Ed.] p. 1297, § 50)—authorized the trustee to make such expenditure for such purpose within certain limits. The limits were not exceeded. The evidence shows that Thomas Hall was de facto sole trustee of the district when he gave the order, received the charts, and placed them in the school house. Whether he was trustee de jure is immaterial, since that question is not involved in the issues. His title was under appointment by the school commissioner of the county, made October, 1892. The commissioner had power to make it in the cases specified in chapter 331, Laws 1888 (Rev. St. [Banks' 8th Ed.] p. 1292, § 30). The appointment is regular on its face, and under it Hall entered upon the office, and discharged its duties, and no proceeding has been taken to determine whether he also had a title de jure. The cases cited by the appellant might be proper in aid of such a determination, but they have no relevancy here. The de facto title is sufficient as to third persons dealing with him in good faith. Morrison v. Sayre, 40 Hun, 465; De Wolf v. Watterson, 35 Hun, 111; Barrett v. Sayer (Sup.) 12 N. Y. Supp. 170; O'Neil v. Battie (Sup.)

15 N. Y. Supp. 818.   The defendant contends that it was not shown that he was the trustee of the district, or liable as such, at the time the action was commenced.   The evidence supports the conclusion that the defendant was regularly elected trustee at the school meeting held in 1894, and again in 1895.   The records were lost, and the oral evidence of the elections was competent, and was not disputed. The declarations of the defendant in 1894 and in 1895 that he was the trustee were shown.   His term upon each election was for one year, which, under the last election, would expire in August, 1896. Meantime, in July, 1896, the school district was dissolved by order of the school commissioner.   The effect of the dissolution is thus declared by chapter 556, Laws 1894 (Consolidated School Law, tit. 6, § 12):

"Though a district be dissolved, it shall continue to exist in law for the purpose of providing for and paying all its just debts; and to that end the trustee and other officers shall continue in office, and the inhabitants may hold special meetings, elect officers to supply vacancies and vote taxes; and all other acts necessary to raise money and pay such debts shall be done by the inhabitants and officers of the district."

The defendant therefore continued to be trustee for the purpose of paying all the just debts of the district.

The appellant challenges the order of dissolution as void, because not made upon proper notice.   The order is regular on its face. The commissioner had jurisdiction of the subject-matter.   The power of review upon appeal by any person conceiving himself aggrieved is vested in the superintendent of public instruction in the first instance.   Consolidated School Law, tit. 14, § 1.   It does not appear that any such appeal was taken.   The evidence permits us to assume that the order has been acquiesced in by all parties in interest, and we therefore decline to review it in this collateral action, even if it should fail to appear that every preliminary jurisdictional step had been taken.   "Consensus tollit errorem."   If we assume the order to be void, then the district exists, and the defendant, as trustee, holds over until his successor is appointed.   Id. tit. 7, § 24.   The action is in the proper form.   Code Civ. Proc. §§ 1926–1929.

There are various objections to evidence.   There was some immaterial evidence given, but the facts upon which the liability of the defendant depends were proved by competent evidence, and were not disputed.   On such evidence the plaintiff was entitled to judgment, no matter how much evidence of other sort was received. The judgment should be affirmed.

Judgment affirmed, with costs.   All concur.