(36 Misc. Rep. 195.)

### GARBARSKY v. SIMKIN et al.

(Supreme Court, Appellate Term.   October, 1901.)

INFANCY—EVIDENCE.

Where, in an action for rent, defendants allege that they are 18 and 20 years of age, and there is no independent proof of their ages, the judge may consider their physical appearance, in connection with all the other circumstances of the case, in view of their interest, in determining whether they have made out their affirmative defense of infancy.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Isaac Garbarsky against Louis and William Simkin. Judgment for plaintiff. Defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Max Salomon, for appellants.
N. S. Levy, for respondent.

McADAM, J.  The action is for rent; and the defense, infancy. The plea being an affirmative one, the defendants were bound to establish it by satisfactory evidence. The mother of the defendants testified that they were under age, but, strange to say, could not tell what year they were born. The defendant Louis Simkin testified that he was 20 years of age; that he was born in 1881, and entered school in 1892, at the age of 12, which would make the time of birth 1880. William Simkin, the codefendant, testified that he was 18 years of age. This evidence came from interested witnesses whose testimony the justice was not bound to believe. (Carrere v. Dun, 26 Misc. Rep. 717, 57 N. Y. Supp. 82; Strong v. Walton, 47 App. Div. 116, 62 N. Y. Supp. 353; Hamilton v. Waterworks, 22 App. Div. 573, 575, 48 N. Y. Supp. 106; Miller v. Benoit, 29 App. Div. 252, 51 N. Y. Supp. 368; Kennedy v. McAllaster, 31 App. Div. 453, 52 N. Y. Supp. 714), particularly in view of its indefinite and consequent unreliable character. The defendants were in business together as partners, hired the premises in question to carry on their calling, and seemed to be business men, and not boys. Louis Simkin had told the plaintiff that he had voted at the preceding election. The various circumstances, with the physical appearance of the defendants, were all to be considered by the justice in reaching a conclusion. In People v. Justices of Court of Special Sessions, 10 Hun, 224, decided in 1877, the court held that evidence of age may be received from any person capable of giving it, for the purpose of proving the fact, or,

where the appearance of the party sufficiently indicates his probable age, that may be acted upon as evidence of the fact. See, also, Com. v. Hollis, 170 Mass. 433, 435, 49 N. E. 632; State v. Arnold, 35 N. C. 184; Laws 1882, c. 340. Courts are frequently called upon to act upon evidence addressed to the senses, often called "view" or "inspection," and to recognize, without further proof, that the person before them is an aged person, male or female, a child, a boy or girl, white or black, a person with or without visible deformity of limbs, and the like. People v. Justices of Court of Special Sessions and Com. v. Hollis, supra. We do not mean to hold that the physical appearance of the defendants was alone sufficient to warrant the justice in determining that they were of age, but that their appearance may be considered in connection with the other evidence in the case, and in light of the fact that the burden of proof was upon them. Upon the entire case, the justice was warranted in finding for the plaintiff, and, as we find no error, the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.