ISAAC GARBARSKY, Respondent, *v.* LOUIS SIMKIN and WILLIAM SIMKIN, Appellants.

(Supreme Court, Appellate Term, October, 1901.)

Infancy — Physical appearance of infant a circumstance in determining age.

> Where partners defend an action for the rent of their business premises upon the ground that they are, as they testify, respectively only eighteen and twenty years of age and there is no independent proof of their ages, the trial justice need not, in view of their interest in the event, believe them, and may consider their physical appearance, in connection with all the other circumstances of the case, in determining whether they have made out their affirmative defense of infancy.

APPEAL by the defendants from a judgment of the Municipal Court of the city of New York, fourth district, borough of Manhattan.

Max Salomon, for appellants.

N. S. Levy, for respondent.

McADAM, J. The action is for rent, and the defense infancy. The plea being an affirmative one, the defendants were bound to establish it by satisfactory evidence. The mother of the defendants testified that they were under age, but, strange to say, could not tell what year they were born. The defendant Louis Simkin testified that he was twenty years of age, that he was born in

Supreme Court, Appellate Term, October, 1901. [Vol. 36.

1881, entered school in 1892, at the age of twelve, which would make the time of birth 1880. William Simkin, the co-defendant, testified that he was eighteen years of age. This evidence came from interested witnesses whose testimony the justice was not bound to believe. (Carrere v. Dun, 26 Misc. Rep. 717; Strong v. Walton, 47 App. Div. 116; Hamilton v. Owego Water Works, 22 id. 573, 575; Miller v. Benoit, 29 id. 252; Kennedy v. McAllaster, 31 id. 453), particularly in view of its indefinite and consequent unreliable character. The defendants were in business together as partners, hired the premises in question to carry on their calling, and seemed to be business men and not boys. Louis Simkin had told the plaintiff that he had voted at the preceding election. The various circumstances with the physical appearance of the defendants were all to be considered by the justice in reaching a conclusion. In People ex rel. Ziegler v. Justices of Special Sessions, 10 Hun, 224, decided in 1877, the court held that evidence of age may be received from any person capable of giving it for the purpose of proving the fact; or, where the appearance of the party sufficiently indicates his probable age, that may be acted upon as evidence of the fact. See also Commonwealth v. Hollis, 49 N. E. Rep. 632; S. C., 170 Mass. 433, 435; State v. Arnold, 13 Ired. 184, Laws of 1884, chap. 340. Courts are frequently called upon to act upon evidence addressed to the senses, often called view or inspection, and to recognize without further proof that the person before them is an aged person, male or female, a child, a boy or girl, white or black, a person with or without visible deformity of limbs and the like. People ex rel. Ziegler v. Justices of Special Sessions and Commonwealth v. Hollis, *supra.*

We do not mean to hold that the physical appearance of the defendants was alone sufficient to warrant the justice in determining that they were of age, but that their appearance may be considered in connection with the other evidence in the case, and in light of the fact that the burden of proof was upon them. Upon the entire case the justice was warranted in finding for the plaintiff, and as we find no error the judgment must be affirmed, with costs.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment affirmed, with costs.