## WRIGHT v. UNITED STATES.
### No. 10335.

United States Court of Appeals
District of Columbia Circuit.

Submitted April 24, 1950.

Decided May 29, 1950.

Mr. George E. McNeil, Washington, D. C., with whom Mr. M. Edward Buckley, Jr., Washington, D. C., was on the brief, submitted on the brief for appellant.

Mr. Harold H. Bacon, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, submitted on the brief for appellee.

Before STEPHENS, Chief Judge, and PROCTOR and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction and judgment on a five count indictment under sections 2705 and 2707 of Title 22 of the District of Columbia Code (pandering and related offenses). Appellant's first contention is that the trial court improperly restricted his cross-examination of the complaining witness. While cross-examination is a matter of right, Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, its extent can and must be reasonably controlled by the court in the interest of a fair and orderly trial. "In re-

spect of such things as needless protraction, conduct of an examination in a manner unfair to a witness, undue inquiry into collateral matters to test credibility, and the like, cross-examination is properly within the discretion of the trial judge, and there can be no reversal except for abuse." Lindsey v. United States, 77 U.S.App.D.C. 1, 2, 133 F.2d 368, 369. The record here shows that the court permitted extensive and in fact exhaustive cross-examination, particularly on matters affecting the witness' credibility (App. 14-27). It prevented repetition of questions already asked (App. 15), as well as reference to a matter not pertinent to the case (App. 15-16).[1] This was a proper exercise of discretion.

Appellant also contends that since the jury included a number of employees of the Federal Government he was denied his rights under the Fifth and Sixth Amendments. The statute of August 22, 1935, section 1420 of Title 11 of the District of Columbia Code, authorizing jury service by Government employees, is alleged to be unconstitutional. To the contrary, however, are United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 76; Frazier v. United States, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187; and Dennis v. United States, 339 U.S. 162, 70 S.Ct. 519. Appellant stresses particularly the fact that Government employees do not receive the ordinary pay of jurors, but instead receive their usual Government pay while on leave status from their regular duties.[2] That is an argument which was made by the dissenting Justices in the Frazier case,[3] and must be deemed to have been considered and rejected by the majority of the Supreme Court.

The judgment of the District Court is accordingly

Affirmed.

---

1. Objection was taken by the defendant to this latter ruling, but the point was not urged on appeal.

2. See sections 1420–1422, inclusive, of Title 11 of the D.C.Code.

3. 335 U.S. at 514, 516–517, 69 S.Ct. 201, 93 L.Ed. 187.