## CUNNINGHAM v. UNITED STATES.
### No. 1182.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 18, 1952.

Decided March 6, 1952.

DeLong Harris, Washington, D. C., for appellant.

Victor W. Caputy, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Four grounds for reversal are urged by appellant, who was convicted in the Municipal Court after a trial without a jury, of soliciting prostitution. Code, 1940, Supp. VII, 22-2701.

1. Appellant contends that the evidence does not support the conviction. This makes it necessary to recite some of the more important parts of the testimony. Two police officers were in a privately owned automobile after midnight on the date of the alleged offense. From the automobile they had a conversation with a man named Glover.[1] Glover offered to procure a woman for them for purposes of prostitution and agreed with them as to terms, place, and details. A few minutes later appellant approached the automobile.

The testimony of the two officers was that after they had talked with Glover appellant approached them and said, "I hear you boys want some sporting," and made an offer to get into the car and go with them for purposes of prostitution, that they accepted the offer, and that she named the amount she was to receive, other details, and also the place to which they were to drive; and that when she was about to enter the car they identified themselves and placed her under arrest.

[1] The officers said that Glover called to them and waved for them to stop. Glover testified that the occupants of the automobile were parked at a corner and called to him to come over and asked "if he could get some girls for them."

Appellant testified that Glover had approached her for the purpose of arranging the transaction and that she had refused. But she admitted that upon Glover's insistence that she "go and tell them anyway" she had agreed to walk across the street to the automobile. She testified that when she did so she told one of the officers that she was not "the girl" and "you have the wrong girl," and that when she started to walk away from the automobile she was placed under arrest. Her testimony was generally corroborated by Glover.

■ Counsel for appellant argues that the officers had made the "bargain" with Glover, that any soliciting was done not by defendant but by the officers themselves through Glover as their "agent." The simple answer to this contention is that the trial judge was entitled to accept as true the testimony of the two officers and that such testimony if believed would leave no doubt that defendant did, in the language of the statute, "invite, entice, persuade * * address for the purpose of inviting, enticing or persuading" them for the purpose of prostitution. The proposition is too clear to require citation of authorities, but we refer to two cases in which we have discussed the standards of proof required in soliciting cases. Curran v. United States, D.C.Mun. App., 52 A.2d 121; Hall v. United States, D.C.Mun.App., 34 A.2d 631. It may be true that the complaining witnesses were solicited by Glover (who admitted that he had been charged with pandering), but the testimony justified a finding that they were also solicited directly and personally by appellant.

■ 2. The statute prohibits the solicitation of "any person or persons sixteen years of age or over"[2] and appellant says that because there was no specific testimony as to the age of the police officers she be-

came entitled to an acquittal. But both officers were in court and were examined and cross-examined at some length. This gave the judge a full opportunity to observe them and to form an opinion as to their ages from their physical appearance, manner and voice. We therefore apply the rule which has been followed in Federal as well as state courts that when the age of a person becomes an issue and the person is present in court, the trier of the facts may use his senses and draw an inference as to the age of such person by personal observation.[3] A contrary rule would be "pedantically over-cautious." 2 Wigmore, Evidence, Sec. 222 (3d Ed. 1940).

The Government points out that pursuant to Code, 1940, 4–107 the District of Columbia Commissioners, in the Manual of the Metropolitan Police Department have prescribed a minimum age of twenty-one years for police officers, and argues that under the rulings in Tipp v. District of Columbia, 69 App.D.C. 400, 102 F.2d 264; and Dibble v. District of Columbia, D.C.Mun.App., 35 A. 2d 825 the Municipal Court and this court may take judicial notice of such Manual. Whether that be so or not, we do think we may take judicial notice of the fact that boys under sixteen are not appointed to the vice squad of the police department. Moreover, in view of what we have already said about the right of the judge to form an opinion as to the age of the officers from his personal observation of them in court, we need not rest our ruling on the theory of judicial notice.

■ 3. Counsel for appellant says his right of cross-examination was improperly curtailed. Inquiring of one of the officers concerning the automobile he was driving on the night involved, counsel obtained from him the information that it was a red Plymouth sedan owned by him and bearing

2. If a child under the age of sixteen were involved the offense would seem to be governed by a special Act. Code, 1940, Supp. VII, 22–3501 et seq.

3. United States ex rel. Fong On v. Day, 2 Cir., 54 F.2d 990; Wong Fook Ngoey v. Nagle, 9 Cir., 300 F. 323; State v. Dorathy, 132 Me. 291, 170 A. 506; Louis-ville & N. R. Co. v. Bean, 49 Ga.App. 4, 174 S.E. 209; Schnoor v. Meincke, N. D., 40 N.W.2d 803; State v. Fries, 246 Wis. 521, 17 N.W.2d 578; Williams v. State, 98 Ala. 52, 13 So. 333; Garbarsky v. Simkin, 36 Misc. 195, 73 N.Y.S. 199; Shephard v. Smith, 198 Wash. 395, 88 P.2d 601; Houston v. Quinn, 168 Ill.App. 593.

New York registration. He also testified that he had been a member of the local police department for eight months and was a resident of the District of Columbia. Defense counsel then sought to inquire how long he had lived in the District and the question was ruled immaterial. Then there was some discussion as to whether the proposed line of questioning would have a bearing on perjury by the witness or a possible violation of law in driving a car registered in New York while a resident of the District, and also whether the questioning was proper by way of impeachment or to show entrapment [4] by the use of a New York car. In our view none of these grounds was valid. Whether the automobile was irregularly licensed in New York or was being illegally operated in Washington would have no bearing on the issues involved in the trial. Further cross-examination along these lines would have been an "undue inquiry into collateral matters to test credibility." Hence there was no abuse of discretion and no error in halting the cross-examination at that point. Lindsey v. United States, 77 U.S.App.D.C. 1, 133 F.2d 368; Wright v. United States, 87 U.S.App.D.C. 67, 183 F.2d 821. See also the very recent decision in Collazo v. United States, D.C.Cir., —— F.2d ——.

■ 4. Appellant says she should have been granted a mistrial because of "misconduct of prosecutor in supplying information to witness." During the cross-examination of one of the officers he was asked if he was positive that his conversation with the defendant had taken place on October 28. The witness then asked the prosecutor, "What date did I say it was, did I say the 28th?" And the prosecutor replied, "That's what you testified to upon direct examination." Defense counsel moved for a mistrial on the ground that the witness had "secured information" from the prosecutor. The judge denied the motion and then asked the witness if his recollection had been exhausted. When the witness replied that it had and the judge learned that the witness had made a memorandum of the date in question at the

police precinct after the arrest, the judge permitted him to refresh his recollection from such memorandum. It seems to us that at worst, as the Government concedes in its brief, the prosecutor's reply to the witness' question was "injudicious." There was no dispute whatever concerning the date of the offense. October 28 was the date charged in the information and the date testified to by both police officers and specifically by the witness Glover. It was not disputed by defendant herself, who referred to it simply as "the night in question." Under these circumstances it is inconceivable that the defendant was in any way prejudiced by the episode complained of.

Affirmed.

4. No argument as to entrapment has been made on this appeal.