## HACKETT v. UNITED STATES.

No. 1278.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 10, 1952.

Decided Dec. 4, 1952.

Jean F. Dwyer, Washington, D. C., for appellant.

John J. Dwyer, Washington, D. C., also entered an appearance for appellant.

Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction of a charge of assault. The facts briefly are as follows: The complaining witness, Lee Posten, testified that while visiting the home of a friend appellant Hackett, hereinafter called the defendant, came into the house and words were exchanged; that defendant cut him over the left eye, over the left ear, and on the back of the head. Two witnesses corroborated the testimony of the complaining witness. The defense was self-defense.

Counsel for defendant attempted to prove by cross-examination of a government witness that the complaining witness attacked a third person with a knife shortly after this assault took place. This was objected to by the government, and the objection was sustained. This ruling is assigned as error and constitutes the only ground upon which this appeal is based.

The general rule is that cross-examination is restricted to particular matters which have already been raised on the examination in chief and may not be extended to permit the introduction of collateral matters. While recognizing that cross-examination should be limited to facts testified to on direct examination and to matters relevant to the issues, we think that all doubts as to the proper scope of cross-examination in a criminal case should be resolved in favor of the defendant. However, it is usually within the sound discretion of the trial court to determine whether a question asked on cross-examination calls for a collateral fact or is within the scope of the direct examination.[1]

The established rule appears to be: "The test to determine whether a question is or is not collateral seems to be that if the party cross-examining would under the rules of practice be entitled to prove it, as a part of his case, it is collateral to the cross-examination and cannot be inquired into. Thus, for illustration, in a prosecution for assault with intent to kill, defendant may not, on cross-examination of the prosecuting witness, show threats of violence made by said prosecuting witness against defendant, where at this stage of the trial there was no proof in the record that the prosecuting witness was the assailant."[2]

1.  Wright v. United States, 87 U.S.App.D. C. 67, 183 F.2d 821; Cunningham v. United States, D.C.Mun.App., 86 A.2d 918, 80 W.L.R. 321.

2.  Underhill's Criminal Evidence (4th Ed.), § 399; Cf. People v. Harrison, 318 Ill. 316, 149 N.E. 236; Cofer v. State, 158 Miss. 493, 130 So. 511.

768

While counsel may cross-examine on testimony developed during direct examination, he may not open his own case and present evidence to support it by cross-examining the prosecuting witnesses. Furthermore, in this case there was no indication that defendant made any proffer to the trial court at the time he attempted to introduce this evidence. The record simply reflects that "Counsel for the defense attempted to prove by cross-examination of a government witness that the complaining witness attacked a third person with a knife shortly after the above incident took place, * * *." We are, therefore, put in the position of having to speculate as to how long a period of time intervened after the first assault took place; whether the second assault occurred at the same house, or in the same neighborhood; the circumstances surrounding it, if it took place; whether it was in self-defense; and against whom the assault is alleged to have been committed. All of these questions are left unanswered by the record before us.

The cases cited by appellant are based upon the salutary rule that in measuring the admissibility of evidence the test is whether it is material to any issue in the case on trial. If so, it should not be rejected even though it establishes the commission of another crime.[3] While we are in full agreement with this principle, we find that in every case cited by appellant it was applied where the evidence of another offense involved another offense committed by the accused. That is not the situation confronting us in this case. Here the evidence of another offense had reference to an offense allegedly committed by a *witness* and not the accused. Appellant's cases, therefore, have no applicability here.

Affirmed.

3. Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85.