James H. ALEXANDER, Appellant,

v.

UNITED STATES, Appellee.

No. 2037.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 12, 1957.

Decided Aug. 30, 1957.

Wilbur W. Sewell, Washington, D. C., for appellant.

Alfred Burka, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., Lewis Carroll and Milton Eisenberg, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

CAYTON, Acting Judge.

A jury convicted James H. Alexander of assault, and he appeals.

■ The first claim of error is that the trial judge improperly limited the scope of cross-examination of a police officer. The approved statement of evidence recites that "after extensive questioning" on cross-examination, the officer denied having previously told defense counsel that "he had arrested the wrong man" and that "he had been threatened by a gang." Then appears the following recital: "After numerous additional questions were asked in this same vein, the Government objected that the questions were repetitious and argumentative and the Court sustained the objection." This is far from supporting the claim that the judge erroneously limited the scope of cross-examination. The ruling did not purport to limit the scope of cross-examination; it merely halted further questioning along argumentative and repetitious lines. This was not error. Collazo v. United States, 90 U.S.App.D.C. 241, 196 F.2d 573, certiorari denied 343 U.S. 968, 72 S.Ct. 1065, 96 L.Ed. 1364; Wright v. United States, 87 U.S.App.D.C. 67, 183 F.2d 821.

■ In his brief appellant refers to two questions put to the officer on cross-examination, and quoted in his motion for new trial. Aside from the fact that the overruling of the motion has not been assigned as error and is not before us for review, we note that the two questions were answered, seemingly without objection. Appellant's brief makes certain other recitals dealing with cross-examination of the officer in an attempt to show bias; but these do not appear in the statement of evidence. Moreover, the officer did not testify as to the actual assault, that phase of the case having been developed by other wit-

nesses. It is clear that the claim of error is without substance.

The same must also be said concerning appellant's assertion that his counsel was denied the right to cross-examine "all" government witnesses as to something which happened on the day before the assault. The record does not show that such cross-examination was attempted by counsel or barred by the court.

In another assignment of error appellant says the trial judge improperly remarked that a defense witness had not testified to anything material. No such remark appears in the record. What does appear is that while such witness was being cross-examined by the prosecutor as to his friendship with defendant, defense counsel objected and the objection was sustained on the ground that the matter was immaterial.

The record being free of any showing of error, the judgment of conviction must be

Affirmed.