**UNITED STATES of America**

v.

**Joel ROSENBERG, Appellant.**

**No. 12554.**

United States Court of Appeals
Third Circuit.

Argued June 9, 1958.

Decided July 22, 1958.

Rehearing Denied Aug. 15, 1958.

———◆———

Bernard Tompkins, New York City (Herbert Edelhertz, New York City, Stanley Bernard Singer, Philadelphia, Pa., on the brief), for appellant.

Louis C. Bechtle, Asst. U. S. Atty., Philadelphia, Pa. (Harold K. Wood, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

For a second time in the course of this litigation we must determine whether withholding from the defendant certain data, which defense counsel had asked the government to surrender for inspection and possible use in the cross-examination of witnesses, has amounted to reversible error under the principles announced in Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. On the first appeal we set aside appellant Rosenberg's conviction, holding that the "failure of the trial judge to permit counsel for the defendant to inspect at the trial the witness' grand jury testimony and statement to the F. B. I., as required by the rule announced in the Jencks case, compels us to grant a new trial." 3 Cir., 245 F.2d 870, 871.

A new trial followed. The defense again asked that the government produce for its examination reports and statements which might facilitate cross-examination of two prosecution witnesses. The prosecution produced all of the records it had of its dealings with these witnesses. The trial judge then examined the data to determine how much of it was relevant and potentially useful for the purposes of the defense. As a result of this examination the court permitted defense counsel to examine and use most of the data. However, the court ruled that certain items were irrelevant and, over objection, denied the defense permission to examine them. At the same time, the court did make the documents in question part of the record for our consideration on appeal.

The crime for which appellant has been convicted was the transporting of a check in interstate commerce after participating in the fraudulent scheme by which the check had been obtained. 18 U.S.C. § 2314. The government's theory was that the appellant had collaborated with one Meierdiercks in the entire criminal enterprise. Meierdiercks appeared and testified as an important government witness. At the conclusion of his direct testimony the defense asked that it be permitted to examine the government's records of and concerning prior statements by the witness. A similar request was made for data concerning statements of the prosecuting witness, Florence Vossler, who had been the victim of the fraudulent scheme.

We have examined all of the items which the defendant was not permitted to examine. Several of the documents contain no reference to, much less the text or any summation of, anything said by either witness. For example, two are office memoranda concerning the progress and procedure of a then pending prosecution of Meierdiercks. Another paper contains a detailed physical description and summary personal history of Meierdiercks. Still another is a record of an unsuccessful search for certain names on hotel registers at or about the time of the crime. These and other miscellaneous items from the prosecutor's files were obviously not germane to the request of the defendant. Why the prosecution produced them is not clear. Their surrender could not have been responsive to the defense request or to any

proper request for whatever records the government had made, in verbatim text or otherwise, of prior statements of certain witnesses.

There was also a minute or office notation stating as a fact that, on first questioning, Meierdiercks had denied any involvement in the alleged wrongdoing. In some circumstances it might well have been improper to withhold this summary record of what the witness had said. But here Meierdiercks' first verbatim statement to the Federal Bureau of Investigation, denying implication in the wrongdoing, was among the papers surrendered to the defense. There was no point, therefore, in adding a general notation that he had made a denial of this kind. Similarly, the court withheld a typewritten copy of a later detailed statement of the witness about the crime. This too was surplusage, because the original longhand text of that very statement was surrendered to the defendant.

■■ More troublesome is the fact that the court withheld from the defense a letter written to the prosecutor by the victim, Miss Vossler, just before the second trial of the case, in which she expressed concern that the lapse of time had made her recollection of details of relevant transactions hazy so that she would have to rely upon her previous detailed statement to refresh her memory. Certainly an admission by a witness to the prosecutor that time has thus dimmed her recollection of events as to which she is to testify is a type of statement which should be made available to the defense under the Jencks rule. But after examination of the actual testimony of Miss Vossler we think it clear that the defendant suffered no prejudice from this error. First, on cross-examination this witness was in fact questioned as to whether she had used any prior statement or testimony in preparing for this second trial. She admitted quite forthrightly that she had read her former statement a few days before the trial. Moreover, defense counsel was allowed great latitude on cross-examination in testing what the witness said on this

trial by comparing her testimony with earlier statements made in and out of court. There was no pretense by the witness that she remembered details of remote transactions as well as one would remember a very recent occurrence. And, absent any effort of the witness to create such an impression of unusually good memory, her pre-trial statement that time had dimmed her recollection merely admitted a fact of universal experience and common knowledge, of which the jury must have been aware in any event. Finally, no contested issue in this case depended upon the exactitude of this witness' recollection of details of remote transactions. In all the circumstances, we are unable to see any way in which the defense may have been prejudiced by the withholding of this statement.

■ Appellant is also dissatisfied with the timing of the surrender of the documents he was permitted to examine. He says that he should have received these records before the beginning of the trial rather than after the witness in question was called to testify. The Jencks rule is designed solely to facilitate proper cross-examination. Cf. United States v. Grossman, D.C.D.N.J.1957, 154 F.Supp. 813. If the requested records are made available during the trial before cross-examination of the witness concerned, and counsel is allowed reasonable time to examine the data and analyze it in relation to the exigencies of of cross-examination, the Jencks rule is satisfied. Here the documents concerning Meierdiercks, aggregating thirty-five pages, were in the possession of the defense from adjournment on Monday afternoon until cross-examination of this witness began at 2 P.M. on Tuesday. This was a reasonable time in all the circumstances. The records concerning Miss Vossler consisted of only nine pages. A two hour luncheon recess and an additional forty minute recess were allowed for examination of this data before cross-examination began. And even on this appeal counsel does not point out any way in which the material concerning

either witness would have been more useful, had more time been given to study and analyze it before cross-examination. Therefore, we think the appellant has no valid complaint on this score.

■ We have not commented upon the statute, 18 U.S.C. (Supp. V) § 3500, enacted since the Jencks case to define procedure in administering the Jencks rule, since, regardless of procedure, we have found no prejudicial withholding of anything to which defendant was entitled under the Jencks rule. We do note, however, that the government did not identify any particular documents or particular portions of documents which in its view should not be disclosed to the defendant. The statute seems to contemplate that the government shall thus particularize any objection it may have, rather than that the court search at large through whatever documents the prosecution may tender in an effort to determine what is relevant and what is not. And if the government does not thus particularize its objections, we see no reason why the court should not routinely permit the defense to inspect whatever the government produces in response to a proper request.

■ A wholly different matter is urged as a separate reason for a new trial. The appellant complains of the trial court's refusal to grant a continuance just before the beginning of the trial, when it appeared that one of counsel, upon whom the appellant had relied to take chief responsibility for conducting his defense, had become ill and could not be present at the trial. However, the force of appellant's argument is blunted by the fact of unwarranted delay in presenting this matter in the court below. The attorney in question is a Boston lawyer. This case was listed on the trial calendar to be called in Philadelphia Monday morning. The preceding day, Sunday, the defendant was in Boston and learned that his Boston attorney required immediate surgery and could not come to Philadelphia. This information was communicated that day by telephone to defendant's Philadelphia counsel. Yet, on Monday morning when the trial calendar was called, Philadelphia counsel answered "ready for trial". The judge who was administering the calendar then routinely assigned the case for trial to another judge, who happened to have presided at the first trial. It was not until the following day, Tuesday, that Philadelphia defense counsel asked for a continuance because of the necessary absence of chief counsel. Thus, for no apparent good reason the defendant postponed any request for continuance beyond the first and normal opportunity afforded by the calendar call and until it was determined which judge would try the case.[1] For us as a reviewing court this circumstance alone is sufficient to preclude interference with the trial court's refusal to grant the delayed motion for a continuance.

Other trial errors are alleged on this appeal. Most of them concern the introduction of evidence and the giving of instructions to which trial counsel interposed no objection. In none of these episodes do we find that appellant has suffered prejudice or injustice, or that the trial court has committed reversible error.

The judgment will be affirmed.

---

1. Unquestionably the defense was unhappy about this trial assignment, for counsel in open court frankly expressed his fear that the assigned judge would not have an open mind about the case because of his experience in trying it before.