BASIC BOOKS, INC., a corporation, and Leonard Davidow, Nathan Handy, Herman A. Fischer, as Officers of said Corporation, Petitioners,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 12774.

United States Court of Appeals Seventh Circuit.

April 8, 1960.

Herman A. Fischer, Chicago, Ill., Alex Akerman, Jr., Washington, D. C., Thomas O. Flack, Campbell, Clithero & Fischer, Chicago, Ill., Shipley, Akerman

& Pickett, Washington, D. C., for petitioner.

Alan B. Hobbes, Asst. Gen. Counsel, J. Gordon Cooney, Atty., Daniel J. McCauley, Jr., Gen. Counsel, Jno. W. Carter, Jr., Atty., F.T.C., Washington, D. C., for Federal Trade Commission.

Before KNOCH and CASTLE, Circuit Judges, and JUERGENS, District Judge.

JUERGENS, District Judge.

The Petitioners, Basic Books, Inc., a corporation, and Leonard Davidow, Nathan Handy and Herman A. Fischer, as Officers of said corporation, are engaged in the sale and distribution of an encyclopedia and other books.

A complaint was filed by the Federal Trade Commission charging petitioners with making (through agents and salesmen employed to obtain orders for petitioners' books by house-to-house canvassing) false and deceptive statements concerning their business activities, the price of their encyclopedia and other matters, in violation of the Federal Trade Commission Act.[1]

The Hearing Examiner issued an initial decision and proposed order to cease and desist which was adopted by the Commission with exceptions which are not here material.

The Petitioners contend that it was error (1) to refuse the proffered testimony of twenty customers of Basic Books for the purpose of showing a course of conduct in doing business; (2) to limit cross-examination of witnesses; and (3) to deny petitioners access to statements made by witnesses to attorney-examiners of the Commission prior to initiation of the administrative proceedings.

The Commission found that in the course of their activities, petitioners had, through their salesmen, falsely represented to prospective purchasers (1) that they were engaged in conducting surveys for various purposes; (2) that petitioners' encyclopedia was being given free to a selected number of persons for advertising purposes; (3) that the encyclopedia was being given free with the purchase of yearly supplements; (4) that the prospective customer had been specially selected to receive a set of books; (5) that certain other books, to be selected by the customers, were given free with the purchase of the encyclopedia and yearly supplements; and (6) that the price at which the books were being offered was reduced from the regular price and was being offered for a limited time only.

■ The Commission's findings of the deceptive selling practices, having the support of substantial evidence, are binding on this court. Federal Trade Commission v. Winsted Hosiery Co., 1922, 258 U.S. 483, 42 S.Ct. 384, 66 L. Ed. 729; Excelsior Laboratory, Inc. v. Federal Trade Commission, 2 Cir., 1948, 171 F.2d 484; Independent Directory Corp. v. Federal Trade Commission, 2 Cir., 1951, 188 F.2d 468; Federal Trade Commission v. Standard Education Society, 1937, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141.

■ The first assignment of error is without merit. In presenting its *prima facie* case of violations the Commission called numerous witnesses. Each testified that the representatives of Basic Books had in fact made statements to them substantiating the charges made by the Commission in its complaint.

To refute this testimony, Basic Books called two of its salesmen who testified concerning representations which they made to customers generally. The weight and credibility to be accorded their testimony was a matter for the trier of the facts. It may have been

---

1. The pertinent provisions of the Act are as follows:

"(a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful.

"The Commission is empowered and directed to prevent persons, partnerships, or corporation * * * from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce." 15 U.S.C.A. § 45(a).

possible and may be assumed arguendo that Basic Books could have called twenty trustworthy witnesses to testify that such representations had not been made to them. Such evidence, however, would not refute the testimony which was previously given by the fifteen witnesses that such misrepresentations had in fact been made to them. That a person or corporation, through its agents, may have made correct statements in one instance has no bearing on the fact that they made misrepresentations in other instances.

The fact that petitioners had satisfied customers was entirely irrelevant. They cannot be excused for the deceptive practices here shown and found, and be insulated from action by the Commission in respect to them, by showing that others, even in large numbers, were satisfied with the treatment petitioners accorded them. Independent Directory Corp. v. Federal Trade Commission, 2 Cir., 1951, 188 F.2d 468. The Commission did not commit error in refusing the testimony of twenty satisfied customers from whom Basic Books' agents had successfully solicited sales.

■ The error charged in limiting cross-examination makes reference to the testimony of Clifford D. Harbor. Petitioners' counsel was not permitted to interrogate this witness concerning an experience with a collection agency. On cross-examination the witness stated that he had failed to make payments and that the account had been turned over to a collection agency. At this point objection to further cross-examination as to collection agencies was made. Petitioners stated the question as to payment, and so forth "would go to the attitude of the witness; however, I will pass." The Hearing Examiner stated that the matter had been gone into and the collateral transactions with a loan agency with a great deal of hearsay testimony would add nothing; to this the attorney for the petitioners stated, "I agree with the court."

Error is charged in restricting the cross-examination of Dorothy Johnson and Howard D. Rasmussen concerning interviews with the Attorney-Examiner for the Federal Trade Commission. The petitioners attempted through cross-examination of these witnesses to show that agents for the Commission had implanted the ideas regarding improper selling tactics in the minds of the witnesses. Rasmussen was questioned on cross-examination in this connection and was permitted to answer an inquiry as to the use of the specific terms or expressions "survey" "free books" "selected few", by the Commission's agent at the time he interviewed the witness. From a review of the testimony of Dorothy Johnson, both on direct and cross-examination, we conclude that there was no abuse of discretion in restricting further cross-examination of the witness on the subject.

■ The extent of cross-examination on collateral matters is peculiarly within the discretion of the trial judge. His action will not be interfered with unless there has been a plain abuse of discretion. United States v. Manton, 2 Cir., 1938, 107 F.2d 834, certiorari denied, 1940, 309 U.S. 664, 60 S.Ct. 590, 84 L. Ed. 1012. Needless protraction, conduct of an examination in a manner unfair to a witness, undue inquiry into collateral matters to test credibility, and the like, are elements of cross-examination which properly lie within the discretion of the trial judge, and there can be no reversal except for abuse. Wright v. United States, 1950, 87 U.S.App.D.C. 67, 183 F.2d 821; Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

There was no abuse of discretion in limiting the cross-examination by the Hearing Examiner.

■ Denying petitioners access to statements made by witnesses to attorney-examiners of the Commission prior to initiation of the administrative proceedings is the third assignment of error. In support thereof the petitioners cite and rely heavily on Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103.

In the course of cross-examination one of respondent's witnesses, Stanley Pazera, who had purchased books from petitioner, made reference to "the statement that I gave" the Commission's investigator. In the context in which it appears the reference does not disclose whether it was to a statement in writing by the witness, his oral statement recorded by the investigator and signed or approved by the witness, or was merely the witness' manner of indicating that the investigator made notes during the interview. Petitioner did not examine the witness as to the form of the "statement" to which he referred but some 24 days later requested access to all statements in the possession of the Commission made by witnesses produced or to be produced by the Commission.

Petitioners made no showing that the alleged "statement" of Pazera, if it existed at all, was in the form or possessed the qualities which would require its production. An investigator's summary of an oral statement by a witness need not be produced. Communist Party of the United States v. Subversive Activities Control Board, 1957, 102 U.S. App.D.C. 395, 254 F.2d 314, 325. Moreover the request for production was made long after the petitioners had completed cross-examination of the witness and he had been excused. Production, when required, is for impeachment purposes and the statement is to be turned over "at the time of cross-examination" (Palermo v. United States, 1959, 360 U.S. 343, 345, 79 S.Ct. 1217, 1221, 3 L. Ed.2d 1287) to "facilitate proper cross-examination". United States v. Rosenberg, 3 Cir., 1958, 257 F.2d 760, 763, affirmed 1959, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304.

Petitioners made no showing whatsoever that any statements of other witnesses existed. Under the circumstances the Hearing Examiner's refusal to order production was not error.

The order of the Commission is affirmed and enforced.

Affirmed and enforced.