**Nestora CALABIA, Appellant,**

v.

**Ann ARNOLD, Appellee.**

**No. 3075.**

Municipal Court of Appeals for the District of Columbia.

Submitted Sept. 24, 1962.

Decided Nov. 13, 1962.

Herman Miller, Washington, D. C., for appellant.

A. Fred Freedman, William R. Lichtenberg, and Joseph Luria, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellee instituted this action to recover a balance due on a promissory note execut-

ed by appellant for the purchase of a rooming house business. In her answer and counterclaim appellant alleged that appellee procured the note by misrepresenting the net income and condition of the premises. The jury returned a verdict for appellee and this appeal followed.

The purchase price of the rooming house business was $4,000, of which $1,000 was paid in cash with the balance secured by appellant's note in the principal sum of $3,000. The evidence disclosed that appellant made payments on the note for approximately eighteen months and then defaulted, leaving a balance due in the amount of $1,799.98. Appellant testified that she discontinued the operation of the rooming house because she could not afford to make the repairs necessary to obtain a rooming house license. On cross-examination she was asked, over objection, whether she discontinued the business because she had sold her leasehold interest for $10,000 to a purchaser who wanted to build an apartment house. She replied that she did not understand the tenor of the question. After it was rephrased and the court had inquired into her educational background, appellant admitted that she discontinued the business in order to sell her interest in the property at that price, but said she did not know how the purchaser intended to use the property. The jury was instructed that this evidence was permitted only on the issue of appellant's credibility.

The principal error assigned is the admissibility of the evidence pertaining to appellant's sale of her leasehold interest. She contends that the jury's objectivity in considering whether fraudulent representations had been made was destroyed by the evidence relating to the sale of her interest in the property a year and a half after it was purchased from appellee.

This appeal has little or no merit and we hold that the trial court's ruling was correct. Appellant sought to defend and

counterclaim on the ground that appellee had misrepresented the condition of the premises, and that as a result of these misrepresentations and the need to make extensive repairs, she was forced to discontinue the operation of the business. We cannot say that the trial court erred by permitting appellee to elicit additional facts on cross-examination in order to impeach the veracity of appellant's direct testimony. Such an inquiry was clearly within the discretion of the trial court,[1] and there is nothing in the record before us which will sustain a claim of abuse.

Affirmed.

1. See Wright v. United States, 87 U.S.App.D.C. 67, 183 F.2d 821 (1950).